**COLONIAL DISCOUNT CORPORATION,**
**Defendant-Appellant,**

v.

**Donna Mae BERKHARDT,**
**Plaintiff-Appellee.**

No. 1-581A157.

Court of Appeals of Indiana,
First District.

May 18, 1982.

James M. Houck, Houck & Houck, Greencastle, for defendant-appellant.

Stephen S. Pierson, Calbert, Bremer & Pierson, Greencastle, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant Colonial Discount Corporation (Colonial) appeals a judgment entered in the Putnam County Court after a bench trial in favor of plaintiff-appellee Donna Mae Berkhardt (Berkhardt) upon a complaint for damages.

We affirm.

## STATEMENT OF THE FACTS

On March 29, 1979, Berkhardt and Colonial entered into a contract for the purchase and sale of real estate and a mobile home. The sale agreement and other form documents were prepared and provided by Colonial. Under the terms of the contract, Colonial specifically provided that it would seal the leaking roof of the mobile home. Colonial never repaired the roof and as a result the roof continued to leak and water from the leaks damaged the ceiling, walls, electrical fixtures and other parts of Berkhardt's home. In November, 1979, one Donald A. Gedert, owner of a mobile home dealership, inspected Berkhardt's home and prepared an estimate of the cost to repair it which totalled $1,259.07.

On December 8, 1980, the case was tried before the court and Mr. Gedert testified that due to inflation, the labor costs, figured in his estimate, had increased by two dollars per hour since preparing the estimate. The trial court awarded Berkhardt $1,310.97 plus court costs.

## ISSUE

Because all five of Colonial's arguments challenge the amount of the damage award, we consolidate and restate the alleged errors into the following single issue: Did the trial court apply the proper measure of damages?

## DISCUSSION AND DECISION

Colonial argues that because the written agreement which Berkhardt signed contained a provision that the buyer accepts the property in "as is" condition, the trial court erred in admitting parol evidence on defects in the mobile home other than damage relating to the roof which Colonial specifically had agreed to repair.

The trial court entered a general judgment for $1,310.37 without specifying its reasons. The standard of review of a general judgment requires affirmance of a trial court's judgment if there is any legal theory upon which the trial court's action may be sustained. *Clouse v. Fielder*, (1982) Ind.App., 431 N.E.2d 148.

The measure of damages in a breach of contract case is the loss actually suffered by the breach, *Hoosier Insurance Company, Inc. v. Mangino*, (1981) Ind.App., 419 N.E.2d 978; however, the non-breaching party is not entitled to be placed in a better position than he would have been if the contract had not been broken. *Irving v. Ort*, (1957) 128 Ind.App. 225, 146 N.E.2d 107.

Colonial hand wrote in its purchase sale agreement that it would fix the leaking roof and admitted as much at trial and in its brief. Under Indiana law, courts

construe a printed form most strongly against the person who prepares it. *Rieth-Riley Construction Co., Inc. v. Auto-Owners Mutual Insurance Company*, (1980) Ind.App., 408 N.E.2d 640. Colonial prepared the form contract and specifically agreed to repair the roof. We need only determine whether the extent of damage that flowed from the leaking roof was within the scope of the evidence and consider the issue of mitigation of damages. To recover damages for a breach of contract, plaintiff must show that those damages flowed directly and naturally from the breach. *Indiana Tri-City Plaza Bowl, Inc. v. Estate of Glueck*, (1981) Ind.App., 422 N.E.2d 670. In general, no particular degree of mathematical certainty is required in awarding damages. *Indiana Bell Telephone Company, Inc. v. O'Bryan*, (1980) Ind.App., 408 N.E.2d 178. The amount of damages awarded must be within the scope of the evidence. *Prudential Insurance Company of America v. Executive Estates, Inc.*, (1977) Ind.App., 369 N.E.2d 1117. Finally, the computation of damages, if supported by the evidence in the record, is strictly a matter within the trial court's sound discretion. *Indiana University v. Indiana Bonding & Surety Company*, (1981) Ind.App., 416 N.E.2d 1275; *Smith v. Glesing*, (1969) 145 Ind.App. 11, 248 N.E.2d 366.

In the case at bar, Gedert's estimate included the cost of repairing the roof and the damage caused by water leaking into the mobile home. As Berkhardt points out in her brief, if the testimony on the added cost of labor due to inflationary increases is included, the total cost of repairing the roof and resultant damage from Colonial's not having repaired the roof is $1,333.07, slightly more than the judgment award of $1,310.97. An awareness of general inflation and a constant depreciation and cheapening of money is within the zone of discretion given the trier of facts when assessing damages. *State v. Daley*, (1972) 153 Ind.App. 330, 287 N.E.2d 552. Under cross-examination, Berkhardt testified as to the extent of damages due to Colonial's failure to repair the roof as it had agreed in the contract:

"Q. How badly does that roof leak?

A. Well, ah, it leaks so bad that the fixtures completely hanging out of the ceiling now. Ah, when it started leaking I had, ah, I have a chihauhua and I thought that she was getting up on my bed and pottying and I knew she'd never done it before and I was laying there and watching TV one night and it was raining and, ah, my feet were getting wet. So I called the next day and I was informed to move my bed.

Q. Did you do that?

A. My bed was already against the wall as far as it would go.

Q. What'd you do? Put a bucket on it then?

A. Yes. I set pie pans under it.

Q. Is that the only place it leaked?

A. Ah, that day, yes. But when really downpours it leaks all the way from the living room, all the way down through the whole mobile home. And I set, have to set papers under it to keep it from ruining the carpet and ruining the floors.

Q. Well, it's ruining the ceiling too, isn't it?

A. Ah, yes. It is totally ruined the ceiling in the back bedroom."

We are of the opinion that the judgment of the trial court was clearly within the scope of the evidence. Colonial, however, contends that Berkhardt is under a duty to mitigate damages which she failed to do by allowing the roof to continue to leak. The issue of mitigation of damages is a matter of defense with the burden on the party held liable to respond in damages. *Sigsbee v. Swathwood*, (1981) Ind.App., 419 N.E.2d 789. It is true that a nonbreaching party, as a general rule, must mitigate its damages, but it is also the rule that the breaching party has the burden to prove that the nonbreaching party has not used reasonable diligence to mitigate its damages. *Indiana Industries, Inc. v. Wedge*

*Products, Inc.,* (1982) Ind.App., 430 N.E.2d 419.

Berkhardt testified, under cross-examination, that she had asked a Mr. Morgan of Colonial if she, on her own, could hire someone to repair the roof and have the bill sent to Colonial. Quoting from her testimony, Berkhardt stated:

"Q. Did you ever make any effort to hire somebody to go fix it?

A. Oh yes. I asked Mr. Morgan about hiring someone myself and having the bill sent to Colonial...

Q. Did you tell you..

A. and he said..

Q. couldn't do it?

A. He said it would have to be placed before a board and for this person to call him. Which every time this person went to call him, he was never there.

Q. Have you ever contacted any, ah, people who work on mobile homes to come out and fix it so that, ah..

A. Only Mr. Geder or whatever, ah, I'm sorry. I can't pronounce his...

Q. Well, have you hired him to do it?

A. No I did not. I was told I could not hire anyone on my own.

Q. Who told you that?

A. Mr. Morgan.

Q. Told you that you didn't have the right as an American Citizen to hire someone to come out and...

A. Yes.

Q. repair something that you bought?

A. Because it was in my contract that it would be fixed through Colonial Discount."

The evidence discloses that Berkhardt tried to mitigate the damage to her home, but was prevented by Colonial. Colonial never carried out its part of the bargain to fix the roof and has failed in proving Berkhardt owed any duty to mitigate damages. The judgment of the trial court is affirmed.

Judgment affirmed.

RATLIFF, P. J., and ROBERTSON, J., concur.