**SAMMONS COMMUNICATIONS OF INDIANA, INC., Appellant–Defendant,**

v.

**LARCO CABLE CONSTRUCTION, Appellee–Plaintiff.**

No. 64A03–9609–CV–339.

Court of Appeals of Indiana.

Feb. 23, 1998.

---

Brian J. Hurley, Douglas, Alexa, Koeppen & Hurley, Valparaiso, Indiana, for Appellant-Defendant.

Benjamin S. Jackson, Freihofer, Minton & Keeler, Indianapolis, for Appellee-Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Sammons Communications of Indiana, Inc. (Sammons) appeals from a judgment in favor of appellee-plaintiff Larco Cable Construction (Larco) in an action for breach of contract. The facts most favorable to the judgment are recited below.

Sammons contracted with Larco to rebuild part of an existing cable system in Rossville, Indiana. The Rossville contract provided that either party could terminate the agreement upon 30 days written notice. In early May of 1994, Sammons orally notified Larco

that it wanted Larco off the job. Sammons, however, hired Larco a week later to work at a site in Rushville, Indiana.

On July 25, 1994, Larco brought an action for breach of contract and promissory estoppel against Sammons. Thereafter, a jury held in favor of Larco and against Sammons for $37, 475.09 in damages. On June 6, 1996, Sammons filed a motion to correct error in which it contended that the award of damages was excessive in that Larco failed to present evidence as to the losses incurred for the breach of contract. The trial court denied the motion. Sammons now appeals.

Sammons raises two issues which this Court consolidates and restates as follows: whether the jury award of $37, 475.09 in damages is supported by sufficient evidence.

■■■ On appeal, a damage award will only be reversed if it is outside the scope of the evidence. When reviewing the evidence, this Court will neither reweigh the evidence nor judge the credibility of the witnesses. *Eden United, Inc. v. Short*, 653 N.E.2d 126, 130 (Ind.Ct.App.1995), *trans. denied.* Rather, we will examine only the evidence most favorable to the judgment, along with any reasonable inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the judgment, it will not be set aside. *Bright v. Kuehl*, 650 N.E.2d 311, 315 (Ind.Ct.App.1995), *trans. denied.*

■■■ The measure of damages in a breach of contract case is the loss actually suffered by the breach. *Colonial Discount Corp. v. Berkhardt,* 435 N.E.2d 65, 66 (Ind. Ct.App.1982). To recover the plaintiff must show that its damages flowed directly and naturally from the breach. *Id.* at 67. Although no particular degree of certainty is required in awarding damages, the award must be within the scope of the evidence. *Id.* Damages may not be awarded on guess or speculation but must be ascertainable with reasonable certainty. *Ind. & Mich. Elec. v. Terre Haute Indus.*, 507 N.E.2d 588, 601 (Ind.Ct.App.1987), *trans. denied.* Further, in an action based on promissory estoppel, the plaintiff is entitled to only damages based on the plaintiff's reliance. *Jarboe v. Land-*

*mark Comm. Newspapers,* 644 N.E.2d 118, 122 (Ind.1994).

■■■ Larco's cause of action was based on the theories of breach of contract and promissory estoppel. Thus, Larco had the burden of proving damages on these theories. Regarding breach of contract, the amount of damages reasonably foreseeable at the time the contract was entered into was 30 days lost work for failure to give Larco the proper written notice prior to termination. In an attempt to prove additional damages, Brian Schemehorn, Larco's owner, stated that Sammons unilaterally changed the price of the contract from .65 to .15 dollars per foot. However, there was no evidence how many feet were at issue or any other calculation as to the dollar amount lost from the lower contract price. During trial, Schemehorn further explained how Larco bid projects and that Larco was paid on a per foot basis by invoicing Sammons weekly. However, there was no evidence of the number of total feet of cable involved at the Rossville site or Larco's expenses. When asked by Larco's attorney about the prices charged, Schemehorn could not state what the pricing was for the Rossville contract.

Schemehorn also testified that Larco incurred additional losses by leaving other jobs in favor of staying with the Rossville project. Specifically, he suggested that Larco's action may have cost Larco future work with other companies. At trial, however, Schemehorn provided no evidence of the worth of these contracts. Additionally, damages from losses of future employment are merely speculative and would not have been reasonably foreseeable under the contract. Further, under theory of promissory estoppel, damages would have been limited as a matter of law to reliance damages. *See Jarboe,* 644 N.E.2d at 122.

Concerning the alleged lost opportunities, Schemehorn stated that of the companies that Larco had worked for in the past: U.S. Cable had no work for Larco; Cablemasters only had work out east, which Schemehorn stated that he chose not to pursue; and although TCI had work for Larco, Schemehorn did not take the job. Thus, despite Schemehorn's claim that he had been injured

both financially and professionally, Larco failed to prove the amount of its damages with any degree of certainty.

Schemehorn also testified that there was a loan which he could not pay back but made no claim as to the amount of the loan or whether the nonpayment was a foreseeable consequence of the breach. Schemehorn further stated that he was forced to sell a trencher for $4,000; however, there was no evidence presented as to the fair market value of the trencher at the time of the sale.

The only evidence as to any dollar amount of damages was Schemehorn's testimony that Larco had three to four days of work remaining on the Rossville contract and that it would be another two weeks for changeovers. Schemehorn further stated that there was 5,280 feet of cable left to install and that Larco was supposed to be receiving $1.25 per foot. This would support only an award of $6,600 (5,280 × $1.25) in damages. Sammons counters that this too is an improper award of damages because such an award would reflect gross profit rather than net profit. *See Alderman Ford v. Bailey et al.,* 154 Ind.App. 632, 652, n. 6, 291 N.E.2d 92, 105, n. 6 (1972), *modified on other grounds,* 154 Ind.App. 632, 294 N.E.2d 617. Although Sammons is correct, an award of $6,600 would be within the scope of the evidence. This case is remanded with instructions to the trial court to reduce the amount of damages to $6,600.

Reversed and remanded.

DARDEN, J., concurs.

GARRARD, J., concurs in result.