**Kathleen DEIBLE, Appellant–Plaintiff,**

v.

**Steven POOLE, Appellee–Defendant.**

**No. 45A03–9706–CV–211.**

Court of Appeals of Indiana.

March 4, 1998.

Rehearing Denied June 19, 1998.

Charles R. Deible, Hammond, for Appellant–Plaintiff.

Robert M. Green, Timothy M. Swan & Associates, Merrillville, for Appellee–Defendant.

1. Poole testified that he did not deny that he caused the accident. Record at 485.

2. During his closing argument, Poole's attorney stated that the medical damages for the eight weeks immediately following the accident were

## OPINION

GARRARD, Judge.

Kathleen Deible ("Deible") appeals the trial court's denial of her motion to correct error, claiming the trial court abused its discretion when it did not order a new trial.

We reverse and remand for a new trial.

## FACTS

While stopped at a stop light on January 7, 1989, Deible was struck from behind by a car driven by Steven Poole ("Poole"). At the time of the accident, Poole was not wearing his glasses as required by his driver's license and was not looking at the road. The rear passenger side fender on Deible's car was damaged in the collision and Deible began to feel pain in her chest, right shoulder, and back. Deible did not immediately seek medical treatment, but three days later went to the emergency room to remedy her pain. The following day Deible went to her family physician and began what was to become more than seven years of treatment for the pain Deible claimed was caused by the accident.

Deible filed her negligence suit against Poole on April 21, 1989. For reasons not made clear by the record, Poole did not file his answer until June 8, 1994. More than two years later, on December 2, 3, and 4, 1996, a jury trial was held. At trial, Poole did not dispute the cause of the accident [1], but instead challenged the necessity of much of the medical treatments Deible underwent. Poole did not, however, deny that Deible was entitled to some damages for her initial medical treatments.[2] The jury returned a verdict in favor of Poole which stated: "We, the Jury assess the percentages of fault as follows: Plaintiff, Kathleen Deible, 100 percent; Defendant, Steven Poole, zero percent, and we, therefore, find for the Defendant, Steven Poole, and against the Plaintiff Kathleen Deible." Record at 677.

reasonable and did not dispute Deible's right to recover for these damages. Poole's attorney went on to state that "[t]he total comes down to about $4,100. And, I think, realistically, that is what the damages are that result [sic] from this accident." Record at 661.

Deible filed a motion to correct error following this verdict, seeking judgment notwithstanding the verdict or a new trial. The trial court denied Deible's motion to correct error. In its order, the trial court stated that though it was unreasonable for the jury to have found Deible 100% at fault, the evidence supported a finding that Deible was at least 50% at fault. Because Deible would not have been entitled to recover when her fault was greater than 50%, the trial court found that although the jury's finding of 100% fault was erroneous, it was not grounds for setting aside the verdict or ordering a new trial. Deible appeals this decision.

## ISSUE

Deible raises one issue [3] which we restate as:

I.   Whether the trial court erred by refusing to grant a new trial.

## DISCUSSION

Deible claims that under Indiana Trial Rule 59(J), the trial court was required to grant a new trial because Poole admitted that he caused the accident and that Deible was entitled to recover for at least some of her medical bills. In essence, Deible argues that first the jury and then the trial court misinterpreted Poole's failure to mitigate damages defense to find that Deible was at fault for the accident. Poole, on the other hand, argues that the jury and trial court correctly applied the law concerning mitigation of damages to find that Deible's failure to mitigate her damages made her at fault for the accident and her damages.

■   The trial court has broad discretion to grant or deny a motion for a new trial and that determination will be reversed only for an abuse of discretion. *Schuh v. Silcox,* 581 N.E.2d 926, 927 (Ind.Ct.App.1991). "An abuse of discretion will be found when the trial court's action is against the logic and effect of facts and circumstances before it

and the inferences which may be drawn therefrom." *DeVittorio v. Werker Bros., Inc.,* 634 N.E.2d 528, 530 (Ind.Ct.App.1994). Before a trial court can grant a new trial under Indiana Trial Rule 59(J), the trial court must first find prejudicial or harmful error which can be corrected by an appropriate remedy. *Id.* at 532.

The issue before us in this appeal is whether the defense of failure to mitigate damages may be used as a defense to the ultimate issue of liability or whether it simply concerns the amount of damages the plaintiff is entitled to recover when liability has been determined. Deible argues that because Poole admitted to causing the accident, Poole's mitigation of damages defense dealt only with the amount of damages Deible was entitled to recover, not whether Deible was at fault for the accident. Poole contends that Deible failed to mitigate her damages by continuing to seek medical treatment for seven years after the accident and, therefore, under Indiana Code § 34–4–33–2 Deible could be found at fault.

■   "The issue of mitigation of damages is a matter of defense with the burden on the party held liable to respond in damages." *Colonial Discount Corp. v. Berkhardt,* 435 N.E.2d 65, 67 (Ind.Ct.App.1982). Generally, the non-liable party must mitigate its damages, but the burden lies with the liable party to prove that the non-liable party has not used reasonable diligence to mitigate its damages. *Id.* "[T]he principle of mitigation of damages addresses conduct by an injured party that aggravates or increases the party's injuries. The principle does not address the measure of damages resulting from injuries occasioned by the tortfeasor's conduct." *Wiese–GMC, Inc. v. Wells,* 626 N.E.2d 595, 599 (Ind.Ct.App.1993), *trans. denied.* Poole acknowledges that the burden rests with him to prove Deible's failure to mitigate, but ar-

**3.** Deible also makes two other claims. First, Deible claims that the trial court should have entered judgment notwithstanding the verdict under Indiana Trial Rule 50. Because we find the trial court's failure to grant a new trial to be dispositive, we need not address this claim. Second, Deible claims that the trial court erroneously gave final jury instruction number 6 and challenges the verdict forms used by the jury. Deible

admits that she did not object at trial to either the instruction or the verdict forms. Moreover, Deible cites no authority and provides us with minimal argument as to how the instruction and verdict forms constituted error. Deible's claims concerning jury instruction number 6 and the verdict forms are, therefore, waived. Ind.Appellate Rule 8.3(A)(7).

gues that under Indiana Code § 34–4–33–2 this defense concerns issues of liability as well. Indiana Code § 34–4–33–2(a)(1) provides:

'Fault' includes any act or omission that is negligent, willful, wanton, reckless, or intentional toward the person or property of others. The term also includes unreasonable assumption of risk not constituting an enforceable express consent, incurred risk, and unreasonable failure to avoid an injury or to mitigate damages.

It is this last sentence that Poole relies upon to support his argument that the jury could have found Deible at fault for failing to mitigate her damages.

At its core, the issue before us is whether mitigation of damages solely concerns the amount of recoverable damages or whether, under Indiana Code § 34–4–33–2 and the Comparative Fault Act, the defense of mitigation of damages also concerns the issue of liability. By finding Deible 100% at fault and by not granting a new trial, the jury and trial court appear to have believed that Poole's mitigation defense was a defense to the issue of liability. Deible argues that the jury's verdict was clearly erroneous and that the trial court abused its discretion by not granting a new trial.

Normally, mitigation of damages is used to refer to situations where a conceded or assumed cause of action does not entitle the plaintiff to recover as large an award of damages as is sought. 22 AM.JUR.2D *Damages* § 492 (1988). Here, by raising the defense of mitigation of damages, Poole is, in essence, arguing that Deible did not minimize her damages and, therefore, cannot recover for all the damages sought.

Failure to minimize damages does not bar the remedy, but goes only to the amount of damages recoverable. Otherwise stated, if the act of the injured party does not operate in causing the injury from which all damages ensued, but merely adds to the resulting damages, its only effect is to prevent the recovery of those damages which reasonable care would have prevented.

22 AM.JUR.2D *Damages* § 497 (1988) (footnotes omitted). The evidence at trial showed that Deible's actions did not operate in causing the accident. Deible was simply stopped at a red light when Poole struck her from behind. Poole's mitigation defense concerns Deible's act of continuing to seek allegedly unwarranted medical treatments, not any act contributing to the accident itself. Relying upon Indiana Code § 34–4–33–2, Poole argues that under Indiana law a failure to mitigate damages is defined as fault and, therefore, the jury's verdict and the trial court's denial of the motion to correct errors were justified.

■ The unreasonable failure to mitigate damages can be apportioned as fault under comparative fault statutes if the statutes provide that contributory negligence only diminishes the damages in proportion to the plaintiff's negligence. 22 AM.JUR.2D *Damages* § 497 (1988). In this context, fault is used to describe to which party the claimed damages are attributable. That was the issue before the jury. After Poole admitted liability for the accident and also admitted that Deible was entitled to some damages, the jury was required to determine what portion of the claimed damages were attributable to Poole's action and what portion were attributable to Deible's action. The jury appears to have misunderstood this task and instead appears to have relieved Poole of any liability based upon his mitigation defense. We hold that mitigation of damages is a defense to the amount of damages a plaintiff is entitled to recover *after* the defendant has been found to have caused the tort. Mitigation of damages is not a defense to the ultimate issue of liability.

■ It is not clear from its verdict whether the jury improperly used the defense of mitigation of damages to find that Deible caused the accident or that Deible was simply not entitled to any damages as a result of the accident Poole admittedly caused. Because it is clear that Poole admits to causing the accident and that Deible is entitled to recover for at least some of her medical bills, prejudicial error occurred. The trial court, therefore, abused its discretion when it denied Deible's *motion for a new trial* under Indiana Trial Rule 59(J) and the trial court's denial is reversed. *DeVittorio v. Werker Bros., Inc.,* 634 N.E.2d 528 (Ind.Ct.App. 1994). Because Poole admitted ultimate lia-

bility for the accident, the sole remaining issue is the amount of damages, if any, that Deible is entitled to recover. We, therefore, remand for a new trial solely on the issue of damages. *Schuh v. Silcox,* 581 N.E.2d 926, 928 (Ind.Ct.App.1991).

Reversed and remanded for a new trial on the issue of damages.

BAILEY, J., concurs.

HOFFMAN, J., dissents and files separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent. Here, absent objection, the jury was instructed:

> You must decide this case on the basis of the Indiana law of comparative fault. The term 'fault' refers to varieties of conduct that make a person responsible, in some degree, for an injury. The type of fault at issue in this case is negligence and *failure to mitigate damages.* (Emphasis added).

Also, without objection, the jury was instructed:

> A party claiming damages must exercise care to mitigate her damages.

> If the Plaintiff has failed to mitigate her damages, she may not recover for those damages which she failed to mitigate. *Fault* which should be allocated to the Plaintiff *includes any failure by her to mitigate her damages.* (Emphasis added).

Deible contends that the verdict was against the weight of the evidence; was contrary to the evidence; and was necessarily the product of confusion, corruption, passion or prejudice by the jury. It is clear from the instructions, to which no objection was lodged, that the jury applied the evidence to the law precisely as it was instructed. Thus, Deible's real complaint is that the instructions inadequately, incompletely, or erroneously informed the jury of its duty in assessing fault, as opposed to damages, and any failure to mitigate those damages.

It was incumbent upon Deible to object to the instructions. To preserve instruction error, a specific objection must be lodged before the instruction is given, stating why it is misleading, confusing, incomplete, irrelevant, not supported by the evidence, or an incorrect statement of the law. *See Carrier Agen-*cy v. Top Quality Bldg. Prod.,* 519 N.E.2d 739, 744 (Ind.Ct.App.1988). It is well-settled that an instruction, once given absent objection, becomes the law of the case. *Prange v. Martin,* 629 N.E.2d 915, 919 (Ind.Ct.App. 1994).

Here, the jury was unequivocally instructed that the failure to mitigate damages is a matter directly concerning the allocation of fault. Then the jury was given verdict forms which allowed it to set the amount of fault, based upon the evidence which included the failure to mitigate damages, attributable to Deible and Poole. Whether that instruction was erroneous is moot in the present case. That the jury was so instructed is now the law of the case. The time to illuminate the problem has passed. Deible cannot now be heard to base error on the jury's verdict which followed accurately the instructions it was given.

Further it is not a proper function of this Court to, "in effect, rewrite a statute in order to render it consistent with our view of sound public policy." *Robinson v. Monroe County,* 663 N.E.2d 196, 198 (Ind.Ct.App.1996) (opinion denying rehearing acknowledging that clear language of statute unambiguously exempts certain individuals from abiding by safety requirements); *see also Boehm v. Town of St. John,* 675 N.E.2d 318, 321 (Ind. 1996) ("statute not unconstitutional simply because the court might consider it born of unwise, undesirable, or ineffectual policies"). The apparent inaccuracy in the statute must be revised, if at all, by the legislature.

For the above reasons, I would vote to affirm.