Walter **MEDLOCK** and Marion Medlock, Appellants–Plaintiffs,

v.

Robert J. **BLACKWELL**, Appellee–Defendant.

No. 47A01–9906–CV–207.

Court of Appeals of Indiana.

March 9, 2000.

W. Brent Gill, Pardieck, Gill, Vargo & MacTavish, Seymour, Indiana, Attorney for Appellants.

Robert A. Smith, Neil A. Davis, Smith & Linnemeier, Carmel, Indiana, Attorneys for Appellee.

## OPINION

KIRSCH, Judge

Walter and Marion Medlock appeal the trial court's denial of their motion to correct error and motion for a new trial filed after a jury returned a verdict finding them 49% at fault in a collision that occurred while they were passengers in a vehicle stopped at a traffic light. The Medlocks raise the following issue for our review: whether the jury verdict finding that their actions contributed to the collision was entirely against the weight of the evidence and could only have been rendered as the result of corruption, confusion, passion, or prejudice.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 24, 1996, Walter Medlock, Marion Medlock, and Martie Spaulding were passengers in a vehicle driven by Jan Spaulding.[1] The vehicle was stopped at a red traffic light when a car driven by Robert J. Blackwell struck it from behind. The force of the impact caused severe damage to both vehicles. The Medlocks were taken to a local emergency room where they were treated for their injuries. Walter sustained injuries to his knee and neck. Marion suffered facial injuries and an ankle injury.

The Medlocks filed suit against Blackwell on December 9, 1997, claiming negligence and seeking recovery of damages. Blackwell filed his answer on January 12, 1998, raising sudden emergency, comparative fault, and failure to mitigate damages as affirmative defenses.

A three-day jury trial was held in April 1999. At trial, Blackwell testified that at the time of the accident he was momentarily blinded by the setting sun. He testified that he was traveling approximately thirty miles per hour and as he came to the top of a swell in the road he was blinded by the sun despite the fact that he was wearing sunglasses and had the car's sun visor down. Evidence presented at trial also revealed that after the accident the Medlocks failed to seek and to follow through with recommended medical treatment. Evidence also established that the couple resumed their normal activities, which included playing golf on a regular basis, albeit in a slightly diminished capacity.

The jury returned a verdict in favor of the Medlocks, but found them to be 49% at fault. The jury calculated Walter's total damages at $17,000.00, which after being decreased by the 49% fault attributable to Walter amounted to $8,670.00. The jury determined Marion's total damages to be

---

1. The Spauldings were plaintiffs in the underlying lawsuit, but are not parties to this appeal.

$5,000.00, which when reduced by the percentage of fault attributable to her amounted to $2,550.00. Following the verdict, the Medlocks filed a motion to correct error and a motion for a new trial. The trial court denied both motions. In its order, the trial court noted that sufficient evidence was admitted at trial to establish that the Medlocks failed to mitigate their damages and that the assessment of fault as to each plaintiff was within the scope of the evidence admitted during the trial. *Record* at 6–7. The Medlocks now appeal the denial of their motion for a new trial.

## DISCUSSION AND DECISION

A trial court has broad discretion to grant or deny a motion for a new trial and we will reverse this determination only for an abuse of discretion. *Deible v. Poole*, 691 N.E.2d 1313, 1315 (Ind.Ct.App.1998), *transfer granted and opinion affirmed by* 702 N.E.2d 1076 (Ind.1998). An abuse of discretion will be found when the trial court's action is against the logic and effect of facts and circumstances before the court and the inferences which may be drawn therefrom. *Id.* (citing *DeVittorio v. Werker Bros. Inc.*, 634 N.E.2d 528, 530 (Ind.Ct. App.1994)). Ultimately, we will affirm the trial court's order denying a new trial unless it is clearly shown that the trial court abused its discretion.

The Medlocks claim that the jury verdict finding them 49% at fault was clearly erroneous and could only have been reached as the result of confusion, inattention, corruption, passion, or prejudice. They contend that the "only possible explanation" for the verdict is that the jury was confused by the trial court's instructions as to fault and damages or misunderstood the instruction on failure to mitigate damages. *Appellant's Brief* at 9. Blackwell argues that the jury properly applied the law as instructed with respect to mitigation of damages and fault. He therefore contends that the Medlocks' failure to minimize their injuries and to avoid aggravating their injuries made them at fault for their damages. As explained below, we agree with Blackwell.

The trial court instructed the jury, in part, as follows:

"Fault includes any act or omission that is negligent, willful, wanton, reckless or intentional toward the person or property of others. The term also includes unreasonable failure to mitigate damages. The doctrine of mitigation of damages imposes a duty on an injured party to exercise reasonable diligence and ordinary care in attempting to minimize his or her damages or avoid aggravating his or her injury. The injured party is required to use the same care and diligence as a person of ordinary prudence under like circumstances. The principle of mitigation of damages addresses conduct by the injured party that aggravates or increases the parties [sic] injuries. The defendant has the burden of proving by a preponderance of the evidence a plaintiff's failure to mitigate damages. Plaintiff's fault if any is an issue in this case. If the plaintiff's [sic] or if a plaintiff's fault proximately contributed to his or her injury, then the plaintiff either will receive no compensation or will receive only partial compensation for the injury. Another instruction will tell you how to determine the effect of the plaintiff's fault if any upon your verdict."

*Record* at 835. The trial court went on to instruct the jury on fault allocation under Indiana's Comparative Fault Act. IC 34–6–2–45 defines "fault" as including an "unreasonable failure to ... mitigate damages." The jury was therefore correctly instructed that the failure to mitigate damages relates directly to allocation of fault.

The Medlocks rely upon *Deible v. Poole* to support their claim that the verdict was against the weight of the evidence. In *Deible,* as in the present case, the plaintiff was stopped at a traffic light when the defendant's car struck her car from behind. At trial, the defendant admitted that he was responsible for the collision and that the plaintiff was entitled to some damages. Yet, he maintained that the plaintiff failed to mitigate her damages.

After being instructed on the law concerning comparative fault and mitigation of damages, the jury returned a verdict for the defendant, finding the plaintiff 100% at fault. A panel of this court held that, under the facts presented, the failure to mitigate damages is a defense to the amount of damages a plaintiff is entitled to recover once a defendant has been found to have caused injury, but it is not a defense to the ultimate issue of liability. *Deible*, 691 N.E.2d at 1316.

The *Deible* holding was limited to the unique situation where a defendant admits liability for a tort and admits that the plaintiff is entitled to recovery. We stated that once "[the defendant] admitted liability for the accident and also admitted that [the plaintiff] was entitled to some damages, the jury was required to determine what portion of the claimed damages were attributable to [the defendant's] action and what portion were attributable to [the plaintiff's] action." *Id.*

This case is distinguishable from *Deible* in that the jury's verdict in the present case did not go to the ultimate issue of liability. The jury found Blackwell ultimately liable for the collision. Evidence was presented that the Medlocks failed to minimize and to avoid aggravating their injuries after the accident. Thus, the jury was simply faced with the task of allocating fault and determining damages. In *Deible*, the defendant admitted complete liability. Therefore, there was no question with respect to the issue of liability. The jury in *Deible* seemingly misunderstood that it could not relieve the defendant of liability, unless the plaintiff was entitled to no damages due to her failure to mitigate. *Id.* In the present case, the jury's verdict in reducing the Medlock's recovery by 49% was within the evidence presented to it.

The General Assembly has decided that under our comparative fault system, "fault" includes a failure to mitigate damages. While we believe the better policy would be to treat mitigation of damages as a damage issue rather than a fault allocation issue, our legislature has rejected this approach. In any event, in a case such as this where there is evidence of a failure to mitigate damages, the end product of the damage calculation remains the same. For instance, were a jury to find a defendant 100% at fault and then reduce a damage award of $2000.000 to $1000.00 for a plaintiff's failure to mitigate, the result is the same as if the jury instead found a plaintiff 50% at fault after finding $2000.00 in damages. In both instances, the damage award is the same. Under the former approach, the jury is first instructed to determine fault and then if it finds the defendant liable, it can reduce the amount of damages by the plaintiff's failure to mitigate. Under the latter approach, the defense of failure to mitigate damages is part of the fault allocation process. However, under either approach, the amount of damages will be the same because the damages are reduced in proportion to the failure to mitigate.

Here, the jury's determination that the Medlocks were 49% at fault was not the result of confusion, passion or prejudice, and was not wholly contrary to the evidence. The fault attributed to the Medlocks was simply the result of apportioning damages to the responsible party. Accordingly, we find that the trial court did not abuse its discretion in failing to grant a new trial.

Affirmed.[2]

SHARPNACK, C.J., and RILEY, J., concur.

---

2. In his brief, Blackwell states that "[p]laintiffs' reliance [upon *Deible* ] is wholly misplaced for several reasons. Transfer was granted in *Deible,* and pursuant to App. R. 11(B), the opinion is vacated." This is inaccurate. Our supreme court granted transfer and "expressly adopt[ed] the majority opinion of the Court of Appeals." *Deible,* 702 N.E.2d 1076 (Ind.1998). Given the relative infrequency of summary affirmations, counsel's confusion may be understandable.