**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Aug 07 2013, 5:35 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KURT ECKERT**
Evansville, Indiana

ATTORNEY FOR APPELLEE:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CENTURION FEDERAL CREDIT UNION, | ) ) ) | |
| Appellant-Plaintiff, | ) ) | |
| vs. | ) ) | No. 82A01-1210-PL-482 |
| MICHAEL TRIBLE, | ) ) | |
| Appellee-Defendant. | ) ) ) | |

APPEAL FROM THE VENDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D03-1108-PL-3673

**August 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Centurion Federal Credit Union ("Centurion") erroneously withdrew money from Michael Trible's IRA account, causing Trible to incur additional state and federal tax liability. Trible sought to recover damages from Centurion. The trial court held for Trible and awarded damages based on loss of use of the money and the increased tax rate he had to pay due to his increased income from the erroneous withdrawal. Centurion's motion to correct errors was denied and it now appeals, contending that the trial court erred in holding that Trible did not ratify Centurion's actions and that Trible suffered damages as a result of Centurion's conduct, Trible failed to properly mitigate his damages, and the trial court did not properly compute damages. We find that the trial court did not err in its holdings or in computing damages and that Trible did not fail to mitigate damages. We therefore affirm.

**Facts and Procedural History**

Trible borrowed money from Centurion to purchase real estate. Trible would make annual withdrawals from his IRA ("account") with Centurion to pay back the loan. On January 5, 2010, Trible withdrew $45,000 from the account and applied $40,000 toward his existing loan and $5,000 toward his federal withholding tax. In error, Centurion made an additional $40,000 withdrawal from Trible's account on February 4, 2010, and transferred the money to Trible's savings account.

Trible did not learn of the erroneous withdrawal until he received his quarterly statement in April 2010. He immediately contacted Centurion and the IRS to try to have the money returned to his account. However, because more than sixty days had elapsed

2

since the withdrawal of the money, Centurion was unable to replace the funds in Trible's account. The IRS told Trible that he could pay a $500 fee and apply for a letter ruling which might authorize the return of the funds to the account without penalty. Trible declined to do so. Instead, he used $30,000 of the money to pay down his loan with Centurion, and then he paid the income tax due on the erroneous withdrawal, which was an additional $12,499 in combined state and federal income taxes. Pl. Ex. C. On May 14, 2010, Centurion made one interest payment of $680.65 to Trible's account, the amount calculated as if the erroneous withdrawal had not taken place. Appellant's App. p. 52.

Trible filed suit against Centurion, seeking recovery of the additional taxes he paid as a result of the erroneous withdrawal from his account. Centurion admitted that it made the erroneous withdrawal, but it claimed: (1) Trible suffered no damages as a result of the withdrawal; (2) Trible consented to, waived, or ratified the withdrawal by his later use of the money; and (3) Trible failed to mitigate his damages. A bench trial was held, and the trial court held that Trible did suffer damages, did not waive, consent to, or ratify the withdrawal, and acted reasonably in mitigating his damages. In calculating damages, the trial court found that Trible was entitled to the loss of use of the money and the difference in the tax rate applied to the withdrawn money, for total damages of $5,227.48. Centurion filed a motion to correct errors, which was denied.

Centurion now appeals.

**Discussion and Decision**

Centurion makes four arguments on appeal, which we consolidate and restate as: (1) the trial court erred in holding that Trible did not ratify Centurion's actions; (2) the trial court erred in holding that Trible suffered damages as a result of Centurion's conduct; (3) Trible failed to properly mitigate his damages; and (4) the trial court did not properly compute damages. We disagree, finding that the trial court did not err in its holdings and that Trible did not fail to mitigate damages. We also find that there was a minor mathematical error made in calculating damages, making the total $0.40 less than what it should have been. However, we cannot say that the trial court erred in this damage calculation, and we therefore affirm the trial court's judgment in all respects.

**I. Trial Court's Findings**

Centurion first contends that the trial court erred in its findings of facts. Because the trial court entered findings of fact and conclusions of law, we apply a two-tiered standard of review. *Mueller v. Karns*, 873 N.E.2d 652, 657 (Ind. Ct. App. 2007), *reh'g denied.* We determine first whether the evidence supports the findings and second whether the findings support the judgment. *Id.* We will not reverse the trial court's findings or the judgment unless clearly erroneous. Ind. Trial Rule 52(A); *Mueller*, 873 N.E.2d at 657. A finding is clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support it. *Mueller*, 873 N.E.2d at 657. The judgment is clearly erroneous when it is unsupported by the findings and the conclusions. *Id.* In conducting this review, we neither reweigh evidence nor judge witness credibility and consider the evidence in a light that is most favorable to the judgment. *Id.* While we

4

defer to the trial court substantially on its findings of facts, we owe no deference to the trial court's conclusions of law, and we review them de novo. *Id.*

### *A. Ratification of Conduct*

Centurion first argues that the trial court erred in finding that Trible did not ratify the withdrawal from his account by later using the money to pay off his loan with Centurion. We disagree.

Ratification is "the adoption of that which was done for and in the name of another without authority." *Maxitrol Co. v. Lupke Rice Ins. Agency, Inc.*, 924 N.E.2d 179, 183 (Ind. Ct. App. 2010). Ratification is a question of fact, and an act of an agent will be found to be ratified by the principal when he "knowingly accept[s] the benefits of an unauthorized transaction . . . ." *Id.* Centurion argues that Trible accepted the benefits of the unauthorized withdrawal by spending the money instead of rolling it over into another IRA account and rejecting the benefits.

The trial court, however, held that Trible's conduct was not ratification of Centurion's erroneous withdrawal; rather, it held that Trible was "acting as prudently as he could under the circumstance to minimize the economic impact of the bank's error." Appellant's App. p. 30. We agree with this characterization of his conduct. We find that Trible was simply attempting to make the best of the situation. Rather than doing nothing with the erroneously withdrawn money, Trible attempted to reduce his financial liabilities with money that he was not able to return to his account. We cannot say that this amounts to a ratification of Centurion's unauthorized withdrawal, and we therefore find that the trial court did not err in this finding.

*B. Damages*

Centurion next argues that Trible did not suffer any damages from its actions and that he actually received a net benefit from the erroneous withdrawal. It argues that because Trible used the withdrawn money to pay off his loan earlier than expected, he saved interest he would have had to otherwise pay on that loan. Additionally, Centurion compensated Trible $680.65 for the error on May 14, 2010. Taking those two facts together, Centurion argues that Trible received a net benefit as a result of the error rather than suffering from a loss of use. We disagree.

The trial court held that while the full amount of tax liability that Trible was responsible for was not the correct measure of the damages, Trible still did suffer actual damages as a result of Centurion's withdrawal. *Id.* We agree. When Centurion erroneously withdrew the funds from Trible's account, Trible had income that was taxed in a higher tax bracket than it would have been had the withdrawal not taken place. Additionally, Trible was deprived of the use of the withdrawn money for the next five years, at which point it would have been authorized to be withdrawn. Although Trible would not have used the money in those five years, he would have earned interest in the account, so he was deprived of that income.

While it is true that Trible did use the withdrawn money to pay off his loan with Centurion, he still suffered specific, identifiable damages as a result of Centurion's erroneous withdrawal. We therefore cannot say that the trial court's finding on this issue was clearly erroneous.

6

## II. Mitigation of Damages

Centurion next contends that Trible failed to mitigate his damages. "[T]he principle of mitigation of damages addresses conduct by an injured party that aggravates or increases the party's injuries." *Deible v. Poole*, 691 N.E.2d 1313, 1315 (Ind. Ct. App. 1998) (citations omitted). In other words, a plaintiff has a duty to mitigate his post-injury damages, and the amount of damages a plaintiff is entitled to recover is reduced by those damages that would have been prevented through reasonable care. *Id.* The burden is on the defendant to show that the plaintiff has not used reasonable care to mitigate his damages. *Id.* at 1315 (quoting *Colonial Disc. Corp. v. Berkhardt*, 435 N.E.2d 65, 67 (Ind. Ct. App. 1982)). "The defendant's burden includes proof of causation, that is, the defendant must prove that the plaintiff's unreasonable post-injury conduct has increased the plaintiff's harm, and if so, by how much." *Willis v. Westerfield*, 839 N.E.2d 1179, 1187 (Ind. 2006).

Centurion argues that Trible should have paid $500 for an IRS ruling and rolled over the account withdrawal rather than paying the $12,499 in tax liability. Appellant's Br. p. 28. As a result, Centurion contends that it owes no damages to Trible, because if he had properly mitigated his damages, he would not have owed any of the $12,499 in tax liability. We disagree.

Once Trible became aware that Centurion had made the erroneous withdrawal, he immediately contacted both Centurion and the IRS to try to have the funds transferred back into his account. Since sixty days had elapsed, the funds could not be automatically transferred back, and Trible would have to pay the IRS to determine if he could transfer

7

the funds back into his account without penalty. Instead, Trible left the money where it was and used it to pay off his outstanding loan from Centurion so he could eliminate that financial liability.

After reviewing his actions, the trial court specifically found that Trible did nothing to increase his damages, and that no action he took was unreasonable. We agree with that finding. Requiring Trible to pay $500 to the IRS in order to get a letter ruling that had no guarantee of authorizing the return of the funds to the account without penalty is not reasonable. This would guarantee to increase the damages suffered by Trible with no guarantee that the erroneously withdrawn funds would be returned to his account and tax liability avoided. As a result, Trible's failure to get a letter ruling did not necessarily increase his damages. It was also reasonable for Trible to use the money to pay off the loan that he had from Centurion. He had already incurred the penalty for the withdrawal of the funds, so he used them in a way that decreased his financial liabilities. This did nothing to increase his damages and was not an unreasonable course of action.

Every action that Trible took was reasonable and did not increase the damages that he sustained. We therefore cannot say that Centurion has showed that Trible increased his harm through unreasonable post-injury conduct. The trial court correctly concluded that Trible did not fail to mitigate his damages.

### III. Calculation of Damages

Finally, Centurion contends that the trial court erred in calculating the amount of damages Trible sustained. In reviewing the trial court's calculation of damages, we use a limited standard of review. *See Whitaker v. Brunner*, 814 N.E.2d 288, 296 (Ind. Ct. App.

2004), *trans. denied.* "No degree of mathematical certainty is required in awarding damages as long as the amount awarded is supported by evidence in the record." *Gasway v. Lalen*, 526 N.E.2d 1199, 1203 (Ind. Ct. App. 1988). "We do not reweigh evidence or judge the credibility of witnesses, and we will consider only the evidence favorable to the award." *Crider & Crider, Inc. v. Downen*, 873 N.E.2d 1115, 1118 (Ind. Ct. App. 2007). We will not reverse an award of damages unless "it is not within the scope of the evidence before the finder of fact." *Id.*

Centurion contends that the trial court erred by including compensation for loss of use in its damages calculation because it was not consistent with Trible's prayer for relief in his complaint. We disagree. In his complaint, Trible asks to be compensated for the additional tax liability he incurred and "all other relief just and proper." Appellant's App. p. 2. If Centurion had not made the erroneous withdrawal from Trible's account, Trible would have continued to earn interest on that money for the next five years until he made the authorized withdrawal. That interest therefore is lost money that Trible would have had if Centurion had not made the erroneous transfer. We find this amount to be appropriate under "all other relief just and proper," as pled in the complaint. The trial court therefore did not err in including compensation for loss of use in the damages amount.

However, while we find that the figures considered in the calculation of damages were correct, we do find that there was a minor mathematical error in the overall calculation. When determining the total amount of money lost due to the erroneous withdrawal, a subtraction error was made, making that total one dollar less than it should

9

have been.  The eight percent interest lost on that one dollar over five years results in the total damages being just $0.40 less than Trible is entitled to.  Since this is a de minimis amount, we cannot say that the trial court erred in this damage calculation, so we affirm the damage amount of $5,227.48.

Affirmed.

KIRSCH, J., and PYLE, J., concur.