LAKESIDE, INC., d/b/a Realty World–Lakeside, Appellant,

v.

Tammy DeMETZ, Appellee.

No. 71A04–9301–CV–24.

Court of Appeals of Indiana, Third District.

Oct. 14, 1993.

Patrick Blankenship, Nichols, Wallsmith & Weaver, Knox, for appellant.

Ernest P. Galos, Noell & Associates, South Bend, for appellee.

STATON, Judge.

Lakeside, Inc. d/b/a Realty World–Lakeside ("Lakeside") appeals a judgment in favor of Tammy DeMetz in her negligence action. Lakeside presents four issues for our review:

I. Whether the trial court erroneously failed to find that DeMetz's claim is barred by a two year statute of limitations.

II. Whether the trial court erroneously failed to find that DeMetz waived a termite inspection pursuant to the terms of the purchase agreement and by her conduct.

III. Whether the trial court erroneously entered judgment without a finding that Lakeside's conduct was the proximate cause of DeMetz's injury.

IV. Whether the trial court erroneously failed to find that DeMetz's negligence was the proximate cause of her injury.

We reverse, the first of the raised issues being dispositive.

1. Jeff DeMetz is now Tammy DeMetz's ex-hus-

On September 21, 1987, Tammy DeMetz and Jeff DeMetz [1] entered an agreement to purchase a house from Evelyn Lee. Lakeside was the listing and selling broker. The purchase agreement was expressly contingent upon a termite inspection; however, the purchase agreement further provided that the inspection was waived if not obtained by October 21, 1987. No termite inspection was conducted.

During April 1991, DeMetz discovered swarming termites on the property. On July 11, 1991, DeMetz filed a complaint against Lee, alleging breach of the purchase agreement and fraud, and against Lakeside, alleging negligence in the omission of a termite inspection. On September 25, 1992, judgment was entered against Lakeside and Lee; Lakeside appeals.

I.

*Statute of Limitations*

At the conclusion of DeMetz's case-in-chief, Lakeside moved for judgment on the evidence, alleging that DeMetz's action failed to comply with the statute of limitations regarding negligence. The motion was denied.

■ Lakeside contends that the statute of limitations applicable to real estate broker malpractice is IND.CODE 34–1–2–2(1), which provides a two year limitation "for injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute." DeMetz argues that the limitation of actions found in IND.CODE 34–1–2–1 applies. I.C. 34–1–2–1 provides that an action "for use, rents, and profits of real property" shall be commenced within six years after the cause of action accrued.

The two year limitations period of I.C. 34–1–2–2(1) has been applied in an action for accountant malpractice, *Davis v. Geo. S. Olive & Co.* (S.D.Ind.1990), 731 F.Supp. 1380, and in actions for attorney malpractice. *See e.g., Lambert v. Stark* (1985), Ind.App., 484 N.E.2d 630, *reh. denied, trans. denied.* In *Craig v. ERA Mark*

band and is not a party to the instant action.

*Five Realtors* (1987), Ind.App., 509 N.E.2d 1144, this court found a claim of real estate broker negligence analogous to claims of attorney negligence and applied the limitations period of I.C. 34-1-2-2(1):

"We are persuaded by these cases that the same statute of limitations should apply to actions against real estate brokers for negligence. Looking at the nature or substance of Craig's allegations under Count II, it is apparent that he is claiming damage from ERA's failure to discover the zoning problem and inform him. He is not attempting to recover rents or profits of the real property which would prompt the application of Ind.Code § 34-1-2-1. Since his action is premised upon negligence, the two year statute of limitations of Ind.Code § 34-1-2-2(1) applies."

*Id.* at 1149.

Likewise, DeMetz made no attempt to recover rents or profits of the subject real property. The substance of her claim against Lakeside is that Lakeside negligently failed to order a termite inspection. We conclude that I.C. 34-1-2-2(1), rather than I.C. 34-1-2-1, is applicable here.

■ Having concluded that a two year statute of limitations is applicable, our next inquiry concerns when DeMetz's cause of action accrued. A cause of action accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another. *Madlem v. Arko* (1992), Ind., 592 N.E.2d 686, 687; *Wehling v. Citizens Nat. Bank* (1992), Ind., 586 N.E.2d 840, 843.

■ In *Madlem, supra,* relied upon by DeMetz, the court concluded that Madlem had no way to know of a possible improper notarization of a signature until he tried to foreclose on the mortgage and the defense of forgery was presented. Thus, the statute of limitations began to run at that time. DeMetz contends that the statute of limitations did not begin to run in her case when she took possession of a termite-infested house but rather when she actually discov-ered swarming termites in 1991. She claims that no earlier discovery of Lakeside's omission was feasible.

However, ordinary diligence on the part of DeMetz would have allowed her to discover Lakeside's omission at the subject real estate closing and promptly obtain a termite inspection. DeMetz testified that she specifically requested a termite inspection and anticipated a charge for the same at closing. However, she did not ascertain at closing whether the inspection had been conducted although she was presented with a closing statement disclosing the omission. DeMetz testified:

Q: At that time did you inquire whether or not a termite inspection had been done on the home?

A: I did not ask about it.

Q: Did that appear on the final settlement papers?

A: As to whether it was paid or not, no.

Q: You were responsible for this payment-wise?

A: Yes.

Q: I show you—this is Petitioner's Exhibit 5.... Could you tell me what that is?

A: It's the closing statement for the house.

\* \* \* \* \* \*

Q: Now, did anything appear there indicating that a termite inspection had been done?

A: No.

Q: You did not make mention of it at that time?

A: No, I did not.

Q: Were you under the assumption that that had been done?

A: Yes, I was told it would be done by closing and that I would have to pay for it and it would come out of my closing costs.

\* \* \* \* \* \*

Q: At the closing did you sign the closing statement which has previously been introduced into evidence?

A: Yes, I did.

Q: Did you read the second page where it indicated a line item for pest inspections?

A: I read it. I didn't read every single line on it, no.

Q: Did you notice that there was no provision for payment on pest inspections?

A: No, I did not.

Q: Did you inquire as to whether there was a pest inspection at that time?

A: No, I did not.

Record, pp. 90–91, 105.

Thus, a diligent reading of the closing statement would have revealed that no termite inspection was conducted. It was on the date of closing—October 25, 1987—that DeMetz was capable of discovering Lakeside's alleged negligent omission. However, DeMetz's action was commenced almost four years after her cause of action accrued. The action falls outside the applicable two year statute of limitations of I.C. 34–1–2–2(1).

Reversed.

HOFFMAN and CONOVER, JJ., concur.