Ivory JOYNER and Denise Joyner, Appellants–Defendants,

v.

CITIFINANCIAL MORTGAGE COMPANY, successor in interest to Associates Financial Services Company, Inc., Appellee–Plaintiff.

No. 45A04–0303–CV–132.

Court of Appeals of Indiana.

Dec. 30, 2003.

Tracy A. Coleman, Robert L. Lewis & Associates, Gary, IN, Attorney for Appellants.

Seth M. Lahn, Yarling & Robinson, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellants-defendants Ivory Joyner and Denise Joyner (the Joyners) appeal the denial of their motion for relief from a default judgment in this foreclosure action brought by appellee-plaintiff Citifinancial Mortgage Company (Citifinancial). Specifically, the Joyners claim that the trial court was deprived of jurisdiction over this case by Indiana Code section 32–29–1–7, which provides that a recorded certificate of satisfaction of a mortgage bars actions on that mortgage. Additionally, the Joyners contend that their attorney was never served with a complaint and, thus, relief from the default judgment should have been granted. Finally, the Joyners maintain that the trial court should have dismissed Citifinancial's claim and awarded the Joyners attorney fees because Citifinancial litigated its claims in bad faith. Concluding that the trial court properly exercised jurisdiction, that the Joyners' attorney was on notice that a complaint existed, and that the Joyners' request for attorney fees was properly denied, we affirm.

### FACTS

The facts most favorable to the judgment reveal that on December 23, 1997, the Joyners obtained a mortgage from Citifinancial's predecessor. On March 7, 2001, Citifinancial erroneously filed a notice of satisfaction of mortgage. No reason was given for the error, though Citifinancial gave the Joyners an opportunity to show—using cancelled checks, for example—that they had paid off the mortgage. The Joyners never availed themselves of this opportunity.

Citifinancial filed a foreclosure action against Ivory Joyner on June 6, 2001. Copies of the complaint and summons were mailed and left at the Joyners' home on June 19, 2001. However, the mailed complaint and summons were returned undelivered. As a result, Citifinancial ob-

tained permission to serve the Joyners by publication on August 8, 2001. Because the Joyners did not answer the complaint, Citifinancial moved for a default judgment on December 20, 2001. The trial court entered a default against the Joyners the next day.

On May 9, 2002, the Joyners' attorney filed an appearance and moved to set aside the default judgment under Indiana Trial Rule 60(B), claiming that Denise Joyner had not been given notice of the foreclosure action and that a release of mortgage was recorded with the Lake County Recorder. A hearing on the Joyners' motion was held on July 5, 2002, and the trial court set aside the previously entered default judgment.

On September 9, 2002, Citifinancial moved for summary judgment on its foreclosure action against the Joyners. At a hearing held on November 22, 2002, Citifinancial noted that the Joyners were technically "in default again" because they had neither answered the complaint nor moved for dismissal since the date their Rule 60(B) motion had been granted. The trial court denied Citifinancial's motion for summary judgment but stated that Citifinancial could file a second motion for default judgment within twenty-one days.

On December 11, 2002, Citifinancial filed a second motion for default judgment, to which the Joyners did not respond. On December 26, 2002, the trial court once again entered a default judgment against the Joyners.

On January 27, 2003, the Joyners filed a second motion for relief from judgment, arguing that their attorney was never served with Citifinancial's complaint. The trial court denied the Joyners' motion on February 14, 2003. The Joyners now appeal.

## DISCUSSION AND DECISION

### I. Standard of Review

The grant or denial of a motion for relief from judgment is left to the equitable discretion of the trial court. *Mercantile Nat. Bank of Indiana v. Teamsters Union Local No. 142 Pension Fund*, 668 N.E.2d 1269, 1271 (Ind.Ct.App.1996). We will reverse only for abuse of that discretion. *Id.* An abuse of discretion exists when "the trial court's decision is against the logic and effect of the facts and circumstances before it." *Lee v. Friedman*, 637 N.E.2d 1318, 1320 (Ind.Ct.App.1994).

### II. Jurisdiction

 Initially, the Joyners claim that the release of mortgage filed by Citifinancial deprived the trial court of jurisdiction.[1] "Subject matter jurisdiction is the power of a court to hear and determine cases of a general class to which the proceedings then before the court belong." *Thomas v. Smith*, 794 N.E.2d 500, 503 (Ind.Ct.App. 2003). "A judgment entered by a court that lacks subject matter jurisdiction is void and may be attacked at any time." *Id.*

The statute alleged by the Joyners to deprive the trial court of "jurisdiction" in this case is Indiana Code section 32–29–1–7. That statute states:

> If a mortgage has been paid and satisfied by the mortgagor, the mortgagor may take a certificate of satisfaction, duly acknowledged by the mortgagee or the mortgagee's lawful agent, as re-

---

1. The Joyners do not distinguish between personal and subject matter jurisdiction. Because a claim that the trial court lacked personal jurisdiction is waived if not raised before appeal, *Vadas v. Vadas*, 728 N.E.2d 250, 256 (Ind.Ct.App.2000), we assume the Joyners object to the subject matter jurisdiction of the trial court.

quired for the acknowledgment of conveyances to entitle them to be recorded. The certificate and acknowledgment shall be recorded by the recorder in whose office the mortgage is recorded, with a reference to the location of the record of the mortgage. The recorded certificate discharges and releases the mortgagor from the mortgage (or portion of the mortgage as indicated in a partial satisfaction), and bars all suits and actions on the mortgage.

Ind.Code § 32–29–1–7. Accordingly, the Joyners contend that the language of the statute divests the trial court of jurisdiction because the statute "bars all suits and actions on the mortgage" after a discharging certificate is recorded. *Id.*

When determining the meaning of a statute, we first look to its plain language and, if unambiguous, give effect to its plain meaning. *Indiana Dep't of Environ. Mgmt. v. Schnippel Const., Inc.*, 778 N.E.2d 407, 415 (Ind.Ct.App.2002). Here, the language of the statute states that the "recorded certificate *discharges and releases* the mortgagor from the mortgage." I.C. § 32–29–1–7 (emphasis added). "Release" is an affirmative defense to a contract claim and, thus, must be pled. Ind. Trial Rule 8(C). A debt is discharged when "the parties have performed their obligations." *Black's Law Dictionary* 463 (6th ed.1990).

In the case of a mortgage, a discharge would occur when the mortgagor has tendered payment to the mortgagee, as he is obligated to do. This "payment" is another affirmative defense that must be pled. Ind. Trial Rule 8(C). Thus, both terms used in the statute indicate the intent to provide an *affirmative defense,* not—as the Joyners claim—a deprivation of jurisdiction. Inasmuch as affirmative defenses must be specifically pled, the Joyners' contention that the trial court's judgment was void must fail.

### III. Failure of Service on Attorneys

■ The Joyners argue that even if the trial court had jurisdiction, it should not have denied their second Trial Rule 60(B) motion. Specifically, the Joyners note that their attorney never was served with a complaint after the first default judgment was vacated. Thus, the Joyners argue a "willful and wonton [sic] violation" of the Indiana Rules of Professional Conduct occurred and cite to *Smith v. Johnston,* 711 N.E.2d 1259 (Ind.1999), for the proposition that the entry of the second default judgment should have been reversed. Appellant's Br. p. 12.

In *Smith,* the plaintiff, Johnston, filed a complaint against Smith for medical malpractice and served a complaint at Smith's office. Smith's employee signed for the summonses, but the complaint was apparently left unread on Smith's desk. No appearance was filed on behalf of Smith. Six weeks after the complaint was filed, Johnston moved for a default judgment. The trial court entered a default judgment against Smith. Six days later, Smith's attorneys moved for relief from the default judgment under Trial Rule 60(B)(3), alleging that Johnston's attorney was "obligated to provide a copy of the complaint and subsequent papers to Smith's attorneys when she knew Smith was represented by counsel." *Id.* at 1261. As the Joyners correctly point out, our supreme court held that under Trial Rule 60(B)(3) "a default judgment obtained without communication to the defaulted party's attorney must be set aside where it is clear that the party obtaining the default knew of the attorney's representation of the defaulted party." *Id.* at 1262.

This case essentially begins where *Smith* left off. In *Smith,* the defendant's

first—and only—Trial Rule 60(B) motion was *denied*. The Joyners' first Trial Rule 60(B) motion was *granted*. After the trial court entered the first default judgment against the Joyners, the Joyners' attorney filed his appearance on May 9, 2002, and immediately asked for relief from the default judgment. Appellant's App. p. 8. He obtained this relief for the Joyners. Logically, however, if a default judgment exists from which a defendant's attorney obtains relief, a complaint must have been filed at a prior time. This logical inference necessarily places the attorney on notice that a complaint exists, and, thus, it is his duty to secure a copy of that complaint.[2] In sum, the Joyners' counsel received sufficient notice that a complaint had been filed against the Joyners and, thus, the trial court did not err in refusing to grant the Joyners' second Trial Rule 60(B) motion.

### IV. Sanctions

The Joyners maintain that Citifinancial's conduct should have been punished by a dismissal of this claim and an award of attorney fees as requested by the Joyners at the trial level. Specifically, the Joyners contend that the trial court erred in "allowing plaintiff to ignore the validity of documents filed in the Lake County Recorder's Office" and in allowing "the Plaintiff to proceed in bad faith by avoiding proper procedures established by the Indiana Trial Rules." Appellant's Br. p. 13.

Indiana Code section 34–52–1–1(b) allows the recovery of attorney fees by a *prevailing* party if either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or

defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

We have held that "[a] 'prevailing party' is defined as a party who successfully prosecutes his claim or asserts his defense." *Allstate Ins. Co. v. Axsom*, 696 N.E.2d 482, 486 (Ind.Ct.App.1998).

Here, the Joyners did not "successfully prosecute" their claims or defenses. Indeed, the Joyners were defaulted. Consequently, the Joyners are not a "prevailing party" eligible for attorney fees.

### CONCLUSION

In light of the issues addressed, we conclude that the trial court was not deprived of subject matter jurisdiction in this case by Indiana Code section 32–29–1–7. Moreover, because the Joyners' attorney was on notice that a complaint existed, the trial court committed no error in denying the Joyners' second Trial Rule 60(B) motion. Finally, the trial court did not err when it refused to award attorney fees.

The judgment of the trial court is affirmed.

NAJAM, J., and RILEY, J., concur.

---

**2.** The existence of the complaint is further borne out by the chronological case summary.