Charles S. COFFMAN and Metropolitan Real Estate Corp., Appellants–Defendants,

v.

Robert V. ROHRMAN,
Appellee–Plaintiff.

No. 79A04–0401–CV–33.

Court of Appeals of Indiana.

July 14, 2004.

Jay T. Seeger, Seeger Hodson & Forbes, Lafayette, IN, Attorney for Appellants.

Charles Max Layden, Layden & Layden, Lafayette, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellants-defendants Charles S. Coffman and the Metropolitan Real Estate Corporation (collectively, Metropolitan) appeal the judgment entered in favor of appellee-plaintiff Robert V. Rohrman in Rohrman's fraud and negligence actions brought about by Coffman's failure to inform Rohrman of material facts with regard to a contract for the sale of real estate. Specifically, Metropolitan claims that the applicable statute of limitations bars Rohrman's claims. Additionally, Metropolitan alleges that the trial court erred as a matter of law in finding that Coffman owed a professional duty to Rohrman because no expert evidence of duty was presented. In the alternative, Metropolitan argues that even if it did breach a duty, the trial court erred in refusing to apply comparative fault principles and in awarding attorney fees to Rohrman. Concluding that no error occurred at trial, we affirm.

## FACTS

The facts most favorable to the judgment reveal that on March 2, 1999, Coffman, acting as Rohrman's agent, made an offer of purchase for 16.9 acres in Tippecanoe County owned by Douglas Britt. Britt rejected the offer.

On March 18, 1999, Jack Walkey—Britt's attorney—telephoned Coffman. Walkey advised Coffman that the Britts and their neighbors to the west—the Lins—had signed a Mutual Easement Agreement in 1976. The Agreement provided for the equal sharing of construction and maintenance costs for an entrance to the properties from State Road 26. Walkey noted that a purchaser would have to assume these costs, as the entrance had not yet been constructed. Walkey followed the phone call up with a letter to Coffman.

Subsequent to the conversation with Walkey, Coffman told Rohrman that Rohrman would only have to pay the purchase price and half the cost of a traffic light at the entrance to the access road when the light was eventually installed. Coffman specifically told Rohrman that the entrance road to the properties was already built. Based upon Coffman's statements, Rohrman accepted Britt's counteroffer, which had been submitted on April 30, 1999. The counteroffer provided for a purchase price of $1,720,000 and expressly required the buyer to assume all obligations delineated in the 1976 Mutual Easement Agreement. Closing took place on July 27, 1999.

On June 27, 2000, the Lins filed a claim for breach of contract against Britt, seeking one-half the costs of constructing the entrance road to the properties. On February 6, 2001, the Lins amended their complaint, making Rohrman a party-defendant. On August 31, 2001, a bench trial occurred, where Rohrman first learned about Walkey's letter to Coffman. At the close of trial, the trial court found for the Lins and ordered Rohrman to pay the Lins $15,999.99.

On February 22, 2002, Rohrman filed his complaint against Metropolitan, seeking to recover the award to the Lins and attor-ney fees he expended as a consequence of Coffman's actions. Metropolitan filed a motion for summary judgment on May 2, 2003, claiming that because more than two years had elapsed since the closing on the property, the statute of limitations barred Rohrman's claim. The trial court denied Metropolitan's motion. A trial was held on December 4, 2003, wherein Rohrman testified that he would have adjusted the purchase price he would have been willing to pay had he known of the road construction costs. Coffman denied ever seeing Walkey's letter.

On December 18, 2003, the trial court entered findings of fact and conclusions of law. Specifically, the trial court found that "Coffman deliberately concealed or negligently failed to disclose material facts" to Rohrman. Appellant's App. p. 11. Accordingly, the trial court awarded Rohrman $15,999.99 in damages for the amount Rohrman had to pay the Lins and damages of $8,577, which represented the attorney fees incurred in defending against the Lins' complaint. Metropolitan now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Initially, we note that the trial court entered findings of fact and conclusions of law under Indiana Trial Rule 52(A). Thus, we apply a two-tiered standard of review: "we determine whether the evidence supports the trial court's findings, and whether the findings support the judgment." *Weiss v. Harper,* 803 N.E.2d 201, 205 (Ind. Ct.App.2003). "We will not disturb the trial court's findings or judgment unless they are clearly erroneous." *Id.* Findings of fact are clearly erroneous only if the evidence in the record does not support them. *Id.* A judgment is clearly erroneous only if a review of the record leaves us

with a firm conviction that a mistake occurred. *Id.* On appeal, we neither reweigh evidence nor judge the credibility of witnesses and consider only the evidence favorable to the judgment and the reasonable inferences to be drawn therefrom. *Id.*

## II.   Statute of Limitations

■ Metropolitan's first claim is that the trial court erred in denying its motion for summary judgment and holding that the relevant statute of limitations did not bar Rohrman's claim. Though the trial court held that the statute began to run when Rohrman discovered Coffman's actions, Metropolitan argues that the trial court erred as a matter of law because Indiana Code section 34–11–2–4—the two-year statute of limitations—and our decision in *Lakeside, Inc. v. DeMetz,* 621 N.E.2d 1149 (Ind.Ct.App.1993), established the proposition that a buyer of real estate's cause of action accrues on the date of closing. Thus, Metropolitan claims that Rohrman's cause of action arose on July 27, 1999. Metropolitan claims that since Rohrman's complaint was not filed until February 22, 2002—more than six months after the expiration of the two-year statute of limitations—Rohrman's claim was barred.

In addressing Metropolitan's argument, we first note that Indiana Code section 34–11–2–4 requires that "[a]n action for ... injury to personal property ... must be commenced within two (2) years after the cause of action accrues." With respect to real estate transactions, we have held that "[a] cause of action accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Lakeside,* 621 N.E.2d at 1151.

In *Lakeside,* DeMetz sued her real estate agent, alleging that the agent had neglected to inform her of termites that existed in the home. At trial, DeMetz acknowledged that "she specifically requested a termite inspection and anticipated a charge for the same at closing." *Id.* However, DeMetz also testified that at closing there was no charge on her closing statement for a termite inspection and that she did not inquire as to its omission. We held that DeMetz's cause of action accrued upon closing because "a diligent reading of the closing statement would have revealed that no termite inspection was conducted." *Id.* at 1152.

Here, the evidence was conflicting as to whether Rohrman had been notified of the road construction costs prior to the sale of the land. Rohrman testified that he had never heard of Walkey's letter to Coffman "prior to the trial" on the Lins' claim. Tr. p. 54. Coffman, however, testified that he told Rohrman about the costs for the construction of the road and that he called Walkey back to express Rohrman's opposition to the provision. Walkey testified that he did not "recall any discussion" of the sort with Coffman. Tr. p. 41.

Given this evidence, the trial court's conclusion that "Coffman did not tell Rohrman of his conversation with Walkey nor did he tell him that he had received a letter from Walkey" was supported by evidence in the record. Appellant's App. p. 9. Moreover, the testimony adduced at trial supports the trial court's conclusion that Rohrman discovered "Coffman's negligence on August 31, 2001," the date of the Lin trial. Appellant's App. p. 12. In short, we cannot see how Rohrman could have known "or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of" Coffman's actions before learning about the discussion with Walkey on August 31,

2001. *Id.* at 1151. Rohrman's complaint was filed on February 22, 2002, well within the two-year period beginning August 31, 2001. Accordingly, the trial court did not err, and Metropolitan's claim must fail.

### III. Duty

Metropolitan next argues that the trial court erred in finding that "Coffman deliberately concealed or negligently failed to disclose material facts when he had a duty to disclose them to his Principal." Appellant's App. p. 6. Specifically, Metropolitan notes that "there was no evidence presented at trial to establish" a duty owed to Rohrman. Appellant's Br. p. 7.[1]

Initially, we note that Indiana Code section 25-34.1-10-11 reads, in relevant part:

A licensee representing a buyer or tenant has the following duties and obligations:

. . .

(3) To promote the interests of the buyer or tenant by:

. . .

(C) disclosing to the buyer or tenant adverse material facts or risks actually known by the licensee concerning the real estate transaction

"When determining the meaning of a statute, we first look to its plain language and, if unambiguous, give effect to its plain meaning." *Joyner v. Citifinancial Mortg. Co.*, 800 N.E.2d 979, 982 (Ind.Ct.App. 2003).

Indiana Code section 25-34.1-10-11 clearly states that a broker has a duty to disclose known adverse material facts. Thus, a duty—established by the General Assembly—certainly exists. Rohrman testified that, had he known about the road construction costs, he would have had "to take that off the purchase price of this piece of property." Tr. p. 53. Thus, a reasonable conclusion is that the construction costs were material. Moreover, Coffman admitted that he discussed the construction cost issue with Walkey. In sum, the facts support the trial court's conclusion that Metropolitan "breached the duty imposed upon [Coffman] by" Indiana Code section 25-34.1-10-11 because Coffman knew about the potential construction costs yet failed to inform Rohrman. Appellant's App. p. 13. As a result, Metropolitan's claim must fail.

### IV. Comparative Fault

Metropolitan avers that even if it was at fault for non-disclosure of the construction costs, the trial court erred in failing to apply Indiana's Comparative Fault Act. Specifically, Metropolitan argues that Indiana Code section 34-51-2-9 required an assessment of fault.

Our Comparative Fault Act reduces a defendant's damages in the case of fault-based claims. Ind.Code § 34-51-2-7. Though the purpose behind comparative fault theory is to ameliorate the harsh effects of the common law theory of contributory negligence, Indiana's Comparative Fault Act applies even in cases of intentional torts.[2] *Control Techniques, Inc. v. Johnson,* 762 N.E.2d 104, 111 (Ind. 2002). In the case of intentional torts, the Act does not affect a defendant's *liability* but operates to decrease the amount of

---

1. In the alternative, Metropolitan claims that expert testimony is a prerequisite for establishing a breach of duty by a professional. Metropolitan, however, seems to overlook the fact that Indiana Code section 25-34.1-10-11 establishes such a duty on real estate agents by statute.

2. Indiana Code section 34-6-2-45 reads, in relevant part, " 'Fault', for purposes of IC 34-51-2, includes any act or omission that is negligent, willful, wanton, reckless, or intentional toward the person or property of others."

*damages* a plaintiff recovers if he has not appropriately mitigated his damages. *Deible v. Poole*, 691 N.E.2d 1313, 1316 (Ind.Ct.App.1998).

Metropolitan's claim seems to be that Indiana Code section 34–51–2–9 requires an "assessment of fault." Appellant's Br. p. 8. Indeed, that statute requires a trial court sitting as finder of fact to "make its award of damages according to the principles specified for juries in sections 7 and 8 of this chapter." However, neither Indiana Code section 34–51–2–7 nor –8 requires a "breakdown" of fault attributable to each party. Both statutes merely establish the principles that if fault attributable to the plaintiff is greater than fifty percent, the plaintiff shall recover nothing and that the plaintiff's recovery shall be reduced by that proportion of fault that can be attributed to him in case he is less than fifty percent at fault. A "breakdown" of fault attributable to each party does seem to be required by Indiana Code section 34–51–2–11, which reads:

> The court shall furnish to the jury forms of verdicts that require only the disclosure of:
>
> (1) the percentage of fault charged against each party and nonparty; and
>
> (2) the amount of the verdict against each defendant.
>
> If the evidence in the action is sufficient to support the charging of fault to a nonparty, the form of verdict also shall require a disclosure of the name of the nonparty and the percentage of fault charged to the nonparty.

Contrary to Metropolitan's argument, Indiana Code section 34–51–2–9 does not require a trial court sitting as finder of fact to furnish a form like that described in Indiana Code section 34–51–2–11. In sum, our Comparative Fault Act did not require the trial court to specifically state the percentage of fault attributable to each party

in these circumstances. Moreover, the trial court's specific finding that Coffman acted deliberately and that Rohrman was without knowledge of the information provided by Walkey demonstrates that it found one hundred percent of the fault attributable to Metropolitan, and, thus, Metropolitan's claim must fail.

## V. Attorney Fees

■ Finally, Metropolitan challenges the trial court's award of attorney fees. Specifically, Metropolitan notes that the American Rule requires that each party pay its own attorney fees and that no statute, court rule, or contractual provision supports the trial court's award of attorney fees in this case.

■ Metropolitan is correct in stating that Indiana follows the American Rule wherein each party must pay its own attorney fees. *Salcedo v. Toepp*, 696 N.E.2d 426, 435 (Ind.Ct.App.1998). "Generally, attorney's fees are not recoverable from the opposing party as costs, damages, or otherwise, in the absence of an agreement between the parties, statutory authority, or rule to the contrary." *Swartz v. Swartz*, 720 N.E.2d 1219, 1223 (Ind.Ct. App.1999). Metropolitan fails to note, however, that the trial court did not award attorney fees incurred by Rohrman in the *current* action but instead awarded attorney fees incurred in defending against the Lins' claim.

■ "In negligence actions, the injured party is entitled to damages proximately caused by the tortfeasor's breach of duty." *INS Investigations Bureau, Inc. v. Lee*, 784 N.E.2d 566, 577 (Ind.Ct.App. 2003). "The damages claimed for such a breach must be the natural, foreseeable and proximate consequence of the breach." *Id.* A cause is "proximate" if " 'in [a] natural and continuous sequence, unbro-

ken by any efficient intervening cause, [it] produces the result complained of and without which the result would not have occurred.' " *Peters v. Forster,* 804 N.E.2d 736, 743 (Ind.2004) (quoting *Orville Milk Co. v. Beller,* 486 N.E.2d 555, 559 (Ind.Ct. App.1985)).

Here, Coffman's breach of duty—whether intentional or negligent—led to the Lins' lawsuit against Rohrman. The Lins' lawsuit would not have occurred but for Coffman's failure to disclose the obligation to pay for one-half of the road construction costs. In sum, the litigation costs paid by Rohrman in defending against the Lins' lawsuit were natural, foreseeable, and proximate consequences of Coffman's failure to advise Rohrman of the construction costs. As a result, Metropolitan's claim must fail.

## CONCLUSION

In light of the issues discussed, we conclude that the trial court did not err in finding that Rohrman's claim was not barred by the statute of limitations. Furthermore, we conclude that Metropolitan had a statutory duty to disclose material facts. Additionally, we note that the Comparative Fault Act did not require the trial court to specify the percentage of fault attributable to each party. Finally, the attorney fees expended by Rohrman were foreseeable consequences of Coffman's actions and, thus, recoverable.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.