**Chris Allyn BECKER, Appellant–Defendant/Cross–Appellee,**

v.

**Jamie Sue FISHER, Appellee–Plaintiff/Cross–Appellant.**

No. 82A05–0512–CV–726.

Court of Appeals of Indiana.

Aug. 10, 2006.

---

Craig Goedde, Goedde Law Office, P.C., Evansville, IN, Attorney for Appellant.

Mark F. Warzecha, Thomas A. Massey, Julia Langerak, Bowers Harrison, LLP, Evansville, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Chris Allyn Becker appeals from the trial court's order correcting error and granting a new trial on both liability and damages; he seeks a new trial only on the issue of liability. Jamie Sue Fisher cross-appeals and seeks a new trial only on the issue of damages. We vacate the trial court's order and reinstate the jury's verdict.

### Issue

We restate the issue as whether the trial court erred in granting a new trial.

### Facts and Procedural History

On April 5, 2004, Fisher filed a complaint against Becker, alleging that he intentionally battered and confined her. In August 2005, the case was tried before a jury, which returned a verdict of $15,000.[1]

On August 31, 2005, Fisher filed a motion to correct error, asserting that the jurors had ignored the uncontroverted testimony of Dr. Cerling, who testified that Fisher suffers from post-traumatic stress disorder. Fisher also asserted that the jurors disregarded instructions regarding assessment of damages. Finally, Fisher claimed that the jury conducted an improper experiment to determine whether she could have injured her spleen by falling onto the arm of a couch, as Becker had testified. According to affidavits submitted by Fisher, the jurors considered Fisher's height and potential measurements from the door to the couch to determine that she could have been injured by falling onto the couch. Fisher states, and Becker does not dispute, that the distance from the door to the couch was not admitted at trial. Fisher requested that the trial court grant a new trial subject to additur or grant a new trial on the sole issue of damages.

On September 15, 2005, Becker responded to Fisher's motion and filed a cross-motion to correct error. Becker argued that the jurors' affidavits could not be used to impeach the verdict. He further argued that the jury should have been instructed on comparative fault and requested a new trial on the issue of liability. On November 16, 2005, the trial court issued an order granting a new trial on both liability and damages, concluding that the jury should have been instructed on comparative fault.

### Discussion and Decision

Indiana's comparative fault statute applies to intentional torts. *Coffman v. Rohrman*, 811 N.E.2d 868, 872 (Ind.Ct. App.2004); Ind.Code § 34–51–2–1 (stating that chapter 34–51–2 on comparative fault governs "any action based on fault"); Ind. Code § 34–6–2–45(b) (defining fault as "any act or omission that is negligent, willful, wanton, reckless, or intentional to-

---

1. The transcript provided to us by the parties contains only the portion of the trial in which the jury announced its verdict.

ward the person or property of others"). However, the statute has been interpreted to allow a reduction in the award for an intentional tort only when the plaintiff has failed to mitigate damages. *See Coffman,* 811 N.E.2d at 872–73. "In the case of intentional torts, the [Comparative Fault] Act does not affect a defendant's *liability* but operates to decrease the amount of *damages* a plaintiff recovers if he has not appropriately mitigated his damages." *Id.* (emphases in original). "In cases arising under the Act, a defense of mitigation of damages based on a plaintiff's acts or omissions occurring *after* an accident or initial injury is not properly included in the determination and allocation of 'fault' under the Act." *Kocher v. Getz,* 824 N.E.2d 671, 674 (Ind.2005) (emphasis in original). In other words, an intentional tortfeasor remains 100 percent liable for the tort, although the amount of the award may be reduced " 'if the act of the injured party does not operate in causing the injury from which all damages ensued, but merely adds to the resulting damages.' " *Id.* (quoting *Deible v. Poole,* 691 N.E.2d 1313, 1316 (Ind.Ct.App.1998), adopted by 702 N.E.2d 1076 (Ind.1999)).

■■■ The jury instruction set out in Indiana Code Section 34–51–2–7, which Becker tendered to the trial court, instructs the jury to assign percentages of liability.[2] However, under *Coffman* and

*Kocher,* a plaintiff in an intentional tort case may not be assigned a percentage of liability. Therefore, the instruction is irrelevant to intentional tort cases, and the trial court erred in granting a new trial on this basis. Based on the record provided to us, we are unable to determine whether any evidence was presented on mitigation of damages or whether the issue was preserved. Therefore, Becker has waived the issue on appeal.

■■■ Because we do not have the trial transcript, the issue that Fisher raised in regard to Dr. Cerling's testimony is also waived. Furthermore, we conclude that the jury's conduct does not require a new trial. "[A]n experiment by the jury is improper where it amounts to additional evidence supplementary to that introduced during the trial." *Williams v. State,* 757 N.E.2d 1048, 1060 (Ind.Ct.App.2001). A party seeking a new trial based on jury misconduct must show that the misconduct was gross and probably harmed the party. *Id.* at 1059. Fisher asserts that the jury used a complicated mathematical formula, but presents no evidence to support that assertion. Fisher argues that the distance to the couch was not admitted into evidence, and therefore the jurors' guesses as to the distance amounted to additional evidence. However, it appears that the jury was fully aware that it could not determine the correct distance, but simply wished to

---

**2.** Indiana Code Section 34–51–2–7 reads in relevant part:

    (a) This section applies to an action based on fault that is:

    (1) brought against one (1) defendant or two (2) or more defendants who may be treated as a single party; and

    (2) tried to a jury.

    (b) The court, unless all the parties agree otherwise, shall instruct the jury to determine its verdict in the following manner:

    (1) The jury shall determine the percentage of fault of the claimant, of the defendant, and of any person who is a nonparty. The

jury may not be informed of any immunity defense that is available to a nonparty. In assessing percentage of fault, the jury shall consider the fault of all persons who caused or contributed to cause the alleged injury, death, or damage to property, tangible or intangible, regardless of whether the person was or could have been named as a party. The percentage of fault of parties to the action may total less than one hundred percent (100%) if the jury finds that fault contributing to cause the claimant's loss has also come from a nonparty or nonparties.

discover whether Becker's story was at all plausible based on their knowledge of Fisher's height. None of the juror affidavits indicate that their ultimate decision on liability or damages was affected by the experiment. Therefore, Fisher has not demonstrated that the jury engaged in gross misconduct which probably harmed her. Because neither party has presented us with a properly preserved issue meriting a new trial, we vacate the trial court's order and reinstate the jury's verdict.

Vacated.

KIRSCH, C.J., and BAILEY, J., concur.