### Kevin KOCHER, Appellant (Defendant below),

v.

### Alva Lynne GETZ, Appellee (Plaintiff below).

#### No. 35S02–0312–CV–602.

Supreme Court of Indiana.

March 30, 2005.

Josef Musser, Kyle C. Persinger, Spitzer Herriman Stephenson, Holderead Musser & Conner, LLP, Marion, IN, for Attorneys for Appellant.

Mark C. Guenin, Emily C. Guenin–Hodson, Graduate Legal Intern, Guenin Law Office, P.C., Wabash, IN, Attorneys for Appellee.

Mark A. Scott, King, McCann & Scott, LLP, Kokomo, IN, Attorney for Amicus Curiae Indiana Trial Lawyers Assoc.

DICKSON, Justice.

In this automobile-van collision personal injury case, the trial court refused instructions the defendant submitted on comparative fault, which would have permitted a jury to consider mitigation of damages for purposes of fault allocation. The jury found for the plaintiff. In a divided opinion, the Court of Appeals reversed.[1] We

---

1. *Kocher v. Getz,* 787 N.E.2d 418 (Ind.Ct.App. 2003).

granted transfer,[2] and now affirm the trial court.[3]

## I.

▮ The principal issue presented by this appeal is whether the defense of mitigation of damages under the Indiana Comparative Fault Act[4] (the "Act") is considered as comparative fault in determining liability. This identical issue was addressed and decided in the Court of Appeals in *Deible v. Poole*,[5] which we expressly adopted.[6] In the present case, a different panel of the Court of Appeals majority declined to follow *Deible*.

At the jury trial in this motor vehicle collision case, the defendant admitted that he failed to yield the right-of-way, but denied that the accident caused significant injury or damages to the plaintiff. He asserted that the plaintiff failed to mitigate her damages on grounds that she made insufficient efforts to find replacement part-time employment at a point in time after the accident. The defendant tendered instructions under which the jury would make an allocation of fault under the Act. The trial court refused the instructions, but did instruct the jury that the plaintiff had the burden of proving damages, that the defendant contended the plaintiff "was at fault for failing to mitigate her damages," and that he claimed the plaintiff's "failure to mitigate her damages should reduce or preclude [her] recovery of damages."[7] The trial court also explained to the jury that "[p]ersons claiming injury as a result of wrongs of others must use reasonable care, commensurate with their age and experience, to mitigate or minimize the damages resulting from a wrong, and not to enhance such damages."[8]

Under the Act, proportional liability is determined by the fact-finder allocating a percentage of "fault" to the claimant, the defendant(s), and any "nonparty."[9] "In assessing percentage of fault, the jury shall consider the fault of all persons who caused or contributed to cause the alleged injury, death, or damage to property...."[10] If the claimant's fault is fifty percent or less, the fact-finder determines a verdict by multiplying the percentage of fault of each defendant by the total amount of the claimant's damages.[11] "Fault" is specifically defined for the purposes of the Act to include:

> any act or omission that is negligent, willful, wanton, reckless, or intentional toward the person or property of others. The term also includes unreasonable as-

---

**2.** 804 N.E.2d 760 (Ind.2003).

**3.** As part of an experiment, this opinion departs from the usual style of citation and footnote use. *Cf.* Indiana Appellate Rule 22. Generally adhering to the footnote recommendations of Bryan Garner, *The Winning Brief*, 139–47 (2d ed.2004), all citations unessential to the text are placed in footnotes, and substantive matter that otherwise might appear in footnotes is included in the text. This revised format does not meet with universal approval. *See* Richard A. Posner, *Against Footnotes*, 38 Court Rev. 24 (Summer 2001). The public, the bench, and the bar are invited to comment to the Supreme Court Administrator, 315 State House, Indianapolis, IN 46204.

**4.** Ind.Code § 34–51–2.

**5.** 691 N.E.2d 1313 (Ind.Ct.App.1998).

**6.** *Deible v. Poole*, 702 N.E.2d 1076 (Ind.1998).

**7.** Appellant's App'x. at 40.

**8.** *Id.* at 44.

**9.** Ind.Code §§ 34–51–2–7, –8.

**10.** *Id.*

**11.** *Id.*

sumption of risk not constituting an enforceable express consent, incurred risk, and *unreasonable failure to avoid an injury or to mitigate damages*.[12]

In *Deible*, the defendant did not dispute the cause of an automobile collision but challenged the necessity of much of the plaintiff's medical treatment and the extent of her damages. *Deible* stated: "The issue before us in this appeal is whether the defense of failure to mitigate damages may be used as a defense to the ultimate issue of liability or whether it simply concerns the amount of damages the plaintiff is entitled to recover when liability has been determined."[13] Answering the question raised, the court stated:

> Failure to minimize damages does not bar the remedy, but goes only to the amount of damages recoverable. Otherwise stated, if the act of the injured party does not operate in causing the injury from which all damages ensued, but merely adds to the resulting damages, its only effect is to prevent the recovery of those damages which reasonable care would have prevented.[14]

Rejecting the defendant's argument that the mitigation of damages defense was expressly included within the statutory definition of "fault," the court concluded: "We hold that mitigation of damages is a defense to the amount of damages a plaintiff is entitled to recover *after* the defendant has been found to have caused the tort. Mitigation of damages is not a defense to the ultimate issue of liability."[15]

As pointed out in *Deible*, the obligation of a plaintiff to mitigate damages customarily refers to the expectation that a person injured should act to minimize damages after an injury-producing incident.[16] This concept is different from our statutory process of assessing percentage of fault which considers "the fault of all persons who caused or contributed to cause the alleged injury, death, or damage to property."[17] *Deible* explains that "[f]ailure to minimize damages does not bar the remedy, but goes only to the amount of damages recoverable."[18]

We observe that in the six years that have elapsed since *Deible*, the legislature has not modified its definition of "fault."

The trial court's refusal of the defendant's proposed comparative fault instructions was consistent with our express adoption of *Deible* and should have been affirmed by the Court of Appeals. We agree with Judge Vaidik's dissent.[19] In cases arising under the Act, a defense of mitigation of damages based on a plaintiff's acts or omissions occurring *after* an accident or initial injury is not properly included in the determination and allocation of "fault" under the Act.[20] The phrase "unreasonable failure to avoid an injury or to mitigate damages" included in the definition of "fault" under Indiana Code § 34–6–2–45(b) applies only to a plaintiff's conduct *before* an accident or initial injury.[21] An example of such unreasonable failure to avoid an injury or to mitigate damages would be a claimant's conduct in failing to

12. Ind.Code § 34–6–2–45(b) (emphasis added).

13. 691 N.E.2d at 1315.

14. *Id.* at 1316.

15. *Id.*

16. *Id.* at 1316.

17. Ind.Code §§ 34–51–2–7, –8.

18. *Deible*, 691 N.E.2d at 1316, *quoting* 22 Am.Jur.2d *Damages* § 497 (1988).

19. *Kocher*, 787 N.E.2d at 429–30 (Vaidik, J., dissenting).

20. *Id.* at 430; *Deible*, 691 N.E.2d at 1316.

21. *Kocher*, 787 N.E.2d at 429.

exercise reasonable care in using appropriate safety devices, e.g., wearing safety goggles while operating machinery that presents a substantial risk of eye damage.

■ While a plaintiff's post-accident conduct that constitutes an unreasonable failure to mitigate damages is not to be considered in the assessment of fault, a plaintiff "may not recover for any item of damage that [the plaintiff] could have avoided through the use of reasonable care."[22] The resulting damages, excluding any caused by a plaintiff's post-accident failure to use reasonable care, are then to be multiplied by the defendant's percentage of fault to determine the verdict to be entered under the Act.[23]

The trial court did not err in refusing the defendant's tendered comparative fault instructions.

## II.

■ Separate from his claim of instruction error, the defendant contends that the trial court erroneously ordered an appeal bond in the full amount of the judgment plus interest, arguing that the defendant "had satisfied all but the insured portion of the judgment."[24]

■ The determination of the amount of an appeal bond lies within the discretion of the trial court, and will not be disturbed absent an abuse of discretion.[25] The defendant does not provide any transcript of the trial court's hearing on his motion to stay execution and request for bond less than the full amount of the judgment. We have only the assertions in the parties' filed motions, responses, and attachments. Upon this record, we cannot find that the trial court abused its discretion.

We understand the defendant to be claiming that the plaintiff's agreement not to execute or otherwise enforce the judgment against the defendant personally, retaining the right to pursue the defendant's liability insurance company, constitutes a satisfaction of the judgment. But the entire judgment remains unpaid. There exists only the plaintiff's covenant not to execute on the judgment personally against the defendant but reserving the right to recover the judgment from the defendant's insurance company. This is not to say that, with our decision today affirming the judgment for damages, the plaintiff is necessarily entitled to recover the full $250,000 proceeds of the supersedeas bond at this time. That issue, and the respective rights of the plaintiff, the surety, and the insurance company in the event the plaintiff is unsuccessful in recovering more than coverage limits in her prosecution of the assigned claim against the defendant's insurer, involve issues and parties not presented in the case now before this Court.

We decline to find error in the trial court's order granting a stay of execution conditioned upon the filing of an appeal bond in the full amount of the judgment.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

22. Indiana Pattern Jury Instruction No. 11.120 (2003).

23. Ind.Code §§ 34–51–2–7, –8.

24. Appellant's Br. at 10.

25. *Guardianship of C.M.W. v. White*, 755 N.E.2d 644, 651 (Ind.Ct.App.2001); *Kennedy v. Jester*, 700 N.E.2d 1170, 1172 (Ind.Ct.App. 1998); *Dandy Co., Inc. v. Civil City, Etc.*, 401 N.E.2d 1380, 1385 (Ind.Ct.App.1980).