# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**DAVID W. STONE IV**
Stone Law Office & Legal Research
Anderson, Indiana

**MICHAEL W. PHELPS**
NUNN Law Office
Bloomington, Indiana

ATTORNEY FOR APPELLEE:

**TIM D. MOSBY**
Law Office of the Liberty Mutual Group
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARSHALL BANTER, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 34A05-1212-CT-629 |
| | ) | |
| JOSHUA SHEETS, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable George A. Hopkins, Judge
Cause No. 34D04-1001-CT-9

**July 16, 2013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Marshall Banter filed a complaint against Joshua Sheets alleging negligence in causing an automobile accident. Sheets did not dispute his liability in causing the accident, but a jury found Banter 70% at fault. Banter filed a motion to correct error, which the trial court denied.

We reverse and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

On July 2, 2008, Banter was driving his car in Kokomo and was stopped on Dixon Road, waiting to make a left turn, when Sheets, who was in his car and approaching Banter's car from the rear, made a sudden maneuver and struck the rear of Banter's car. Banter subsequently sought medical treatment for neck and back pain.

On January 6, 2010, Banter filed a complaint alleging Sheets' negligence and seeking damages. At trial, Sheets conceded his liability in causing the accident, but he argued that Banter failed to mitigate his damages. The jury entered a verdict that apportioned 70% fault to Banter, who then filed a motion to correct error. The trial court granted that motion, finding "that the verdict as to the issue of comparative fault is not supported by the evidence[,]" and ordered a new trial. Appellant's App. at 30. On retrial, the jury again apportioned 70% fault to Banter, who filed another motion to correct error. The trial court denied that motion. This appeal ensued.

**DISCUSSION AND DECISION**

Banter contends that he is entitled to a new trial because the jury misunderstood and misapplied the Comparative Fault Act ("the Act").[1] Under the Act, proportional liability is determined by the fact-finder allocating a percentage of "fault" to the claimant, the defendant, and any "nonparty." See Ind. Code § 34-51-2-7. "In assessing percentage of fault, the jury shall consider the fault of all persons who caused or contributed to cause the alleged injury, death, or damage to property[.]" Id. If the claimant's fault is fifty percent or less, the fact-finder determines a verdict by multiplying the percentage of fault of each defendant by the total amount of the claimant's damages. See id. "Fault" is specifically defined for the purposes of the Act to include any act or omission that is negligent, willful, wanton, reckless, or intentional toward the person or property of others. See Ind. Code § 34-6-2-45. The term also includes unreasonable assumption of risk not constituting an enforceable express consent, incurred risk, and unreasonable failure to avoid an injury or to mitigate damages. Id.

Here, the trial court instructed the jury in relevant part as follows:

The plaintiff must use reasonable care to minimize his damages. This is called mitigation of damages. If you find a plaintiff failed to use reasonable care to minimize any of the damages he alleges he has sustained and that failure was a proximate cause of any of the damages he claims, then such conduct would constitute fault to be assessed against the plaintiff. The defendant has the burden of proving by a preponderance of the evidence that the plaintiff failed to use reasonable care to minimize his damages.

---

[1] We reject Sheets' contention that Banter has waived this issue for review on appeal. See Burton v. Bridwell, 938 N.E.2d 1, 5-6 (Ind. Ct. App. 2010) (holding plaintiff properly preserved issue that allocation of fault was not supported by the evidence when she raised it for the first time in a motion to correct error).

Transcript at 275 (emphasis added). We hold that the highlighted portion of this jury instruction is an incorrect statement of the law.

In Kocher v. Getz, 824 N.E.2d 671, 672 (Ind. 2005), "the trial court refused instructions the defendant submitted on comparative fault, which would have permitted a jury to consider mitigation of damages for purposes of fault allocation. The jury found for the plaintiff. In a divided opinion, the Court of Appeals reversed." On transfer, our supreme court affirmed the trial court, noting that, as here, "the principal issue presented by this appeal is whether the defense of mitigation of damages under the [the Act] is considered as comparative fault in determining liability." See id. at 673. The court observed:

> Rejecting the defendant's argument that the mitigation of damages defense was expressly included within the statutory definition of "fault," the court [in Deible v. Poole, 691 N.E.2d 1313, 1316 (Ind. Ct. App. 1998), adopted by 702 N.E.2d 1076 (Ind. 1998),] concluded: "We hold that mitigation of damages is a defense to the amount of damages a plaintiff is entitled to recover after the defendant has been found to have caused the tort. Mitigation of damages is not a defense to the ultimate issue of liability." [Emphasis original.]
>
> As pointed out in Deible, the obligation of a plaintiff to mitigate damages customarily refers to the expectation that a person injured should act to minimize damages after an injury-producing incident. Id. This concept is different from our statutory process of assessing percentage of fault which considers "the fault of all persons who caused or contributed to cause the alleged injury, death, or damage to property." Ind. Code § 34-51-2-7, -8. Deible explains that "[f]ailure to minimize damages does not bar the remedy, but goes only to the amount of damages recoverable." Deible, 691 N.E.2d at 1316 (quoting 22 Am.Jur.2d Damages § 497 (1988)).

Id. at 674. Thus, in Kocher, our supreme court held that "[t]he trial court's refusal of the defendant's proposed comparative fault instructions[, which would have permitted a jury to consider mitigation of damages for purposes of fault allocation] was consistent with

4

our express adoption of <u>Deible</u> and should have been affirmed by the Court of Appeals." 824 N.E.2d at 674.

Here, the trial court erroneously instructed the jury that if it found that Banter failed to mitigate his damages, "such conduct would constitute fault to be assessed" against Banter. <u>See</u> Transcript at 275. Because Sheets conceded liability, the only issue for the jury to determine was the amount of Banter's damages, and there was no basis for any assessment of fault against Banter. We reverse and remand for a new trial, and the jury shall be instructed in relevant part that Sheets has conceded 100% fault in causing the accident and that the jury shall only determine the amount of Banter's damages, if any. And as our supreme court observed in <u>Kocher</u>, "[w]hile a plaintiff's post-accident conduct that constitutes an unreasonable failure to mitigate damages is not to be considered in the assessment of fault, a plaintiff 'may not recover for any item of damage that [the plaintiff] could have avoided through the use of reasonable care.'" 824 N.E.2d at 675 (quoting Indiana Pattern Jury Instruction No. 11.120 (2003)).

Reversed and remanded for a new trial.

BAILEY, J., and BARNES, J., concur.