

FILED

Sep 22 2020, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Clifford R. Courtney
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
CITY OF INDIANAPOLIS

Luke B. Brahm
Adam S. Willfond
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
RECEIVER KATZ KORIN
CUNNINGHAM PC BY AND
THROUGH RONALD M. KATZ

R. Brock Jordan
Katz Korin Cunningham PC
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Towne & Terrace Corporation; Glen Timmons in his capacity as President of the Towne & Terrace Corporation Board of Directors, Darren Kirkland in his capacity as member of the Towne & Terrace Corporation Board of Directors, Jacqueline Timmons in her capacity as member of the Towne & Terrace Corporation Board of Directors, and Ella Means in her capacity

September 22, 2020

Court of Appeals Case No.
20A-OV-496

Appeal from the Marion Superior Court

The Honorable Cynthia J. Ayers, Judge

Trial Court Cause No.
49D04-1311-OV-42187

as member of the Towne &
Terrace Corporation,

*Appellants-Defendants*,

v.

City of Indianapolis,

*Appellee-Plaintiff.*

**Brown, Judge.**

[1] Towne & Terrace Corp., Glen Timmons in his capacity as President of the Towne & Terrace Corp. Board of Directors, Darren Kirkland in his capacity as member of the Board of Directors, Jacqueline Timmons in her capacity as member of the Board of Directors, and Ella Means in her capacity as member of the Towne & Terrace Corp. (collectively, "Appellants") appeal the trial court's February 19, 2020 order granting the motion for preliminary injunction filed by the City of Indianapolis (the "City"), denying Towne & Terrace Corp.'s Petition for Writ of Execution and Instructions to Receiver, granting the Receiver's Motion for Order Compelling Production of Documents, and ordering that Towne & Terrace shall be responsible for half of the Receiver's expenses. We affirm.

## *Facts and Procedural History*

[2] This is the third appeal arising from this litigation. We set out some of the relevant facts in a prior appeal:

Towne & Terrace is a residential complex near the intersection of East 42nd Street and Post Road in Indianapolis, Indiana. Incorporated in 1964 for the purpose of owning and maintaining the common areas of the condominium development, Towne & Terrace is a private, nonprofit Indiana corporation with volunteer directors. Unlike more recent condominium developments, Towne & Terrace homeowners are members of Towne & Terrace and do not own any interest in its common areas. The individual lots are transferred by deed. To keep Towne & Terrace apprised of ownership changes in the individual condominiums, the corporation's Amended Articles of Incorporation require the issuance of a certificate of membership to each member, and it is each member's responsibility to inform Towne & Terrace when his or her lot is transferred to a new owner. The previous member must then request a new certificate of membership to be issued to the new member. As of 2017, the City owned at least 49 units in Towne & Terrace. Thirteen of the units were acquired as part of a settlement in an unrelated nuisance action. The remainder of the units became the City's possession after they were not purchased at tax sales. Since being acquired, each of the City's homes in Towne & Terrace has been left vacant and boarded up.

Over the years, the East side of Marion County has suffered a major crime wave. In 2015, the Federal Bureau of Investigation, the United States Attorney's Office, the Indiana State Police, the Marion County Sheriff, and Indianapolis Metropolitan Police Department conducted raids throughout Indianapolis, leading to the arrest of thirty-five criminals—the vast majority on the East side.

*City of Indianapolis v. Towne & Terrace Corp.*, 106 N.E.3d 507, 509 (Ind. Ct. App. 2018) ("*Towne I*").

[3] On December 16, 2014, the City filed an Amended Complaint against Towne & Terrace and four members of its board in their representative capacities, alleging that Towne & Terrace "failed to provide, maintain, and ensure that all common areas of the [ ] residential complex are safe from hazardous conditions, including but not limited to general lawlessness and the threat of reasonably foreseeable criminal intrusions." *Id.* Specifically, the City noted that since January 1, 2008, there had been "excessive police runs and numerous reports filed by the Indianapolis Metropolitan Police Department at the [ ] residential complex involving crimes such as homicide, rape, fraud, arson, domestic battery, public intoxication, child abduction, child abuse, larceny, burglary, armed robbery, aggravated assault, vandalism, intimidation, invasion of privacy, and trespass." *Id.* The City requested the trial court to award it "compensatory damages against [Towne & Terrace], jointly and severally, to compensate the City for all damages caused by [Towne & Terrace's] operation, management and maintenance of the [Towne & Terrace] residential complex and individual units, including but not limited to" all resources expended by the City in response to the unreasonable volume of investigations, reports, and citations caused by Towne & Terrace's neglect of the residential complex and individual units and any and all other public resource expenditures resulting from Towne & Terrace's neglect of the residential complex. *Id.* at 509-510.

[4] On January 30, 2015, Towne & Terrace filed an Answer and Counterclaim, denying the allegations in the Amended Complaint and asserting that the City owed it maintenance fees on the individual units owned by the City. *Id.* at 510.

On October 3, 2016, Towne & Terrace moved for summary judgment on its counterclaim against the City. *Id.* Towne & Terrace filed a second motion for summary judgment on the City's Amended Complaint. *Id.* On October 28, 2017, the court granted summary judgment to Towne & Terrace on the City's Amended Complaint and partial summary judgment on Towne & Terrace's counterclaim. *Id.* The court's order stated in part that "[t]he amounts owed . . . are in dispute and genuine issues of fact remain for trial that [sic] issue." Appellants' Appendix Volume II at 151.

[5] On July 3, 2018, we affirmed and held that "the City's nuisance action against Town[e] and Terrace to refund the City's resources spent on law enforcement's investigations and responses to the residential complex, [was] barred by I.C. § 32-31-1-22(d)." *Towne I*, 106 N.E.3d at 512. We further observed that the City did not "designate evidence indicating that Towne & Terrace's use or maintenance of the common areas amounted to a nuisance." *Id.* at 513.

[6] "While the summary judgment motions were pending in the trial court, on September 11, 2017, the City filed a motion for the appointment of a receiver over" Towne & Terrace. *Towne & Terrace Corp. v. City of Indianapolis*, 122 N.E.3d 846, 850 (Ind. Ct. App. 2019) ("*Towne II*"). "[O]n November 20, after the trial court's entry of summary judgment but prior to our opinion [in *Towne I*], [Towne & Terrace] filed a verified petition for appointment of a receiver alleging that the City had not paid 'maintenance fees, assessments, late charges, interest and attorney fees' owed to" Towne & Terrace. *Id.* at 851. On

September 12, 2018, the court granted the motions. *Id.* With respect to Towne & Terrace's motion to appoint a receiver, the court's order stated:

> I.C. § 32-30-5-1(3) provides for the appointment of a receiver in all actions when it is shown that property, funds, rent, and profits are in danger of being lost, removed, or materially injured. The City's properties are in a state of serious neglect and deterioration. Said properties are continuing to deteriorate and continue to be neglected by the City. The properties within Towne & Terrace owned by the City are in danger of being lost, removed, or materially injured pursuant to subsection 3. The current condition of City-owned properties, within the community, have made it more difficult for Towne and Terrace to recover the amounts owed to it for assessments and maintenance fees from all current homeowners.
>
> Therefore, the Court finds that Towne and Terrace's motion has merit. A receiver should be appointed to receive, manage, protect, request demolition of and/or sell, if necessary, all real estate owned by the City, encumbered by said liens of Towne and Terrace. All proceeds from the sale of any properties, approved by the Court, should be held and/or used by the receiver for the benefit of the parties.

September 12, 2018 Order at 3-4. The court's order also stated:

> The Board of Directors of Towne and Terrace is, hereby, ordered to turn over to the General Receiver all pertinent books and records of the properties it owns at Towne and Terrace, a current listing of all the addresses of the privately-owned properties within the complex, and records concerning coming areas and repairs and upgrades that have been proposed and any that have already been completed.
>
> The Board of directors of Towne and Terrace is to do all things to cooperate and support both the General Receiver and Limited

Receivers in their duties and responsibilities to this community throughout the period of receivership. The Board will be reinstated to its previous status when the unsafe premises at Towne and Terrace have been satisfactorily repaired, improved, and/or demolished pursuant to I.C. § 36-7-9-10 and the receivership has been terminated.

*Id.* at 15-16.

[7] On April 16, 2019, this Court determined that there was no factual basis for the appointment of a receiver over Towne & Terrace pursuant to the Unsafe Building Law and reversed the trial court's appointment of a receiver on that ground. *Towne II*, 122 N.E.3d at 855. With respect to Ind. Code § 32-30-5-1(7), which is Indiana's general receivership statute, we held that "just as we noted in [*Towne I*], here, 'at no point did the City designate evidence indicating that [Towne & Terrace's] use or maintenance of the common areas amounted to a nuisance,'" and the evidence did not support the trial court's reasoning for appointing a receiver. *Id.* at 856 (quoting *Towne I*, 106 N.E.3d at 513). We also held that "to the extent the trial court's order purport[ed] to appoint a receiver over properties owned by nonparties, [Towne & Terrace] [was] correct that the trial court did not have jurisdiction to do that" and we reversed the judgment in that respect. *Id.* As to the City's cross-appeal, we concluded that the trial court did not abuse its discretion when it appointed a receiver over the City's properties. *Id.* at 858.

[8] Prior to *Towne I* and *Towne II*, the Board of Directors approved a resolution in September 2017, which "re-adopted" the prior policy "that owners of real estate

subject to the Towne & Terrace Covenants and Restrictions who are not current on their maintenance fees owed to the Corporation cannot vote as a member of the corporation." Appellants' Appendix Volume III at 170.

[9] Prior to the issuance of *Towne II*, the City filed a Petition for Mandatory Injunction on November 28, 2018. The City requested that the court:

> (a) hold a hearing and issue a preliminary injunction preventing Towne & Terrace, Corp. from hindering, delaying, obstructing, or preventing any members from voting at the annual meeting;
>
> (b) order that all members, including the City be permitted to cast their votes, with the purpose of the meeting being to [] vote to elect Directors and Officers and to vote on consenting to the appointment of a receiver;
>
> (c) prohibit [Towne & Terrace, Corp.] from performing any acts outside the ordinary course of business before the special meeting of members can take place, including, but not limited to diluting the City's votes or other acts or resolutions with a similar effect;
>
> (d) declare that the Resolution is void under Indiana law and of no effect;
>
> (e) in the alternative, appoint a receiver over Towne & Terrace, Corp.; and
>
> (f) grant all other relief that is just and proper.

Appellee City's Appendix Volume II at 84.

[10] On August 12, 2019, the City filed an Amended and Supplemental Petition for Injunction Against Towne & Terrace Corp. requesting that the court enter a preliminary and permanent injunction against Towne & Terrace mandating

that it permit all owners of real property within Towne & Terrace's territorial boundaries to vote on all issues at its annual meeting of members and any special meeting, and a prohibitory injunction enjoining Towne & Terrace from enforcing any resolution, bylaw, article, covenant, or restriction that has the effect of denying any property owner the right to attend, participate in, or vote at any meeting of members or the Board of Directors of Towne & Terrace.[1]

On August 15, 2019, the court entered a Revised Receivership Order which ordered that Katz Korin Cunningham PC, by and through Ronald M. Katz, remain appointed as Receiver to "receive, manage, protect, request demolition of and/or sell, if necessary, all real estate owned by the City and located within the Towne and Terrace boundaries." *Id.* at 142. The order also stated:

> [A]ll rights of ownership with respect to the Receivership Property shall inure to the benefit of the Receiver, including but not limited to the rights to attend, participate in, and vote on all issues that come before the owners or members of Towne & Terrace at its Annual Meeting of Members or any Special Meeting of Members that might be called, to the extent this Court subsequently determines the City possesses these rights.
>
> * * * * *
>
> The Court acknowledges that much of the Receivership Property is located within buildings containing units that are not owned by the City. Accordingly, it is imperative that both the City and Towne and Terrace use, and said parties are hereby directed to

---

[1] The City alleged that it filed an original petition on November 28, 2018, seeking a mandatory injunction requiring Towne & Terrace to permit the City the opportunity to vote at the annual meeting in December 2018 and that petition was never ruled upon.

employ, commercially reasonable efforts to ensure a smooth
transition of the Receivership Property to the Receiver. The City
and Towne and Terrace must, and are hereby ordered to,
cooperate fully with the Receiver with respect to his efforts to
preserve, market and/or liquidate any buildings containing the
Receivership Property.

*Id.* at 142, 145. The order also stated: "The Receiver and any party to this action may apply at any time to the Court for further instructions and for further powers necessary to enable the Receiver to properly fulfill its duties after providing notice to all parties who have appeared in this action." *Id.* at 147.

[12] On October 15, 2019, the court held a hearing.[2] An entry in the chronological case summary ("CCS") dated October 15, 2019, indicates a hearing was held and states: "Comment: Motion for Preliminary Injunction." Appellants' Appendix Volume II at 40. A CCS entry dated October 16, 2019, states that a hearing originally scheduled for November 14, 2019, was rescheduled to March 19, 2020.

[13] On November 1, 2019, Appellants filed a Petition for Writ of Execution and Instructions to Receiver. They requested that the court "authorize the Clerk to issue a Writ of Execution pursuant to Trial Rule 72 . . . directing the Sheriff of Marion County to levy execution on funds and other personal property of the City in an amount equal to the current unpaid Receivership Expenses," and

---

[2] The record does not contain a copy of a transcript of the October 15, 2019 hearing.

"issue additional Writs of Execution as a matter of course upon application by [Towne & Terrace] Corp., directing the Sheriff of Marion County to levy execution on funds and other personal property of the City in an amount equal to all future unpaid Receivership Expenses, in partial satisfaction of Defendants' damage claims for costs of collection" or, "in the alternative, Defendants pray that the Receiver Order be modified to require the City to pay all Receivership Expenses." Appellants' Appendix Volume IV at 21 (capitalization omitted). Appellants also requested that "the Receiver be instructed to immediately market and offer all of the City Properties for sale, to disclose all offers to the parties and the Court, and to seek approval of all such offers from the Court as required by the Receivership Order." *Id.*

[14] On November 21, 2019, the Receiver filed a Motion for Order Compelling Production of Documents, which requested that the court enter an order requiring Towne & Terrace and its counsel to provide the Receiver with: (a) contact information for each Board Member; (b) contact information for each unit owner at Towne & Terrace; (c) an itemization of all income received by Towne & Terrace on a unit by unit basis from January 2016; (d) an itemization of all delinquencies or liabilities of unit owners to Towne & Terrace on a unit by unit basis from January 2016; and (e) an itemization of all expenditures made on Towne & Terrace's behalf from January 2016.

[15] On December 5, 2019, the City filed an Emergency Motion for Rule to Show Cause Finding Towne & Terrace Corp. in Contempt, Entry of Order on City's Motion for Preliminary Injunction and for Award of Attorney's Fees. The City

asserted in part that "the Court still has not ruled on the City's request for entry of an Order enforcing its right to vote at the Annual Meeting.  The [sic] filed a Petition for Preliminary Injunction, which the Court took under advisement." Appellee City's Appendix Volume II at 229.

[16] On December 6, 2019, the Receiver filed an Emergency Verified Motion for Injunction and requested that the court enter an order:

> (i) enjoining the Board Members of Towne & Terrace, and their counsel, from conducting the Annual Meeting currently scheduled for December 9, 2019, with the understanding that the Court will issue a further order at the conclusion of the December 10, 2019 hearing, rescheduling the Annual Meeting at which both the Receiver and his counsel are allowed to attend, participate and vote, as authorized and directed by the Revised Receivership Order; and (ii) ordering the members of the Towne & Terrace Board to appear, along with counsel, at the currently-scheduled hearing on December 10, 2019, for the purpose of providing testimony and documentations regarding the Board's utilization of the funds entrusted to it for the benefit of the property owners.

Appellee City's Appendix Volume III at 5.

[17] On December 6, 2019, the City filed an Amendment to its Emergency Verified Motion for Rule to Show Cause Finding Towne & Terrace Corp. in Contempt, Entry of Order on City's Motion for Preliminary Injunction, and for Award of Attorney's Fees.  The City referenced the Receiver's December 6, 2019 motion and requested that the court:

(a) enter a preliminary injunction that (a) prohibits the Annual Meeting from being held on Monday, December 9, 2019 and (b) mandates that thirty (30) day written notice be given to all members of the corporation, including the City and the Receiver;

(b) issue a preliminary injunction preventing Towne & Terrace, Corp. from hindering, delaying, obstructing, or preventing any members from appearing and voting at the Annual Meeting;

(c) order that all members, including the City, be permitted to cast their votes, with the purpose of the meeting being to vote to elect Directors and Officers, among other things;

(d) prohibit [Towne & Terrace] performing any acts outside the ordinary course of business before the Annual Meeting of members can take place, including, but not limited to diluting the City's votes or other acts or resolutions with a similar effect;

(e) order [Towne & Terrace] to publish its balance sheet, profit and loss statement, and budget to all members with Notice of the Annual Meeting;

(f) declare that the Resolution is void under Indiana law and of no effect;

(g) award attorney's fees and expenses to the City; and

(f) grant all other relief that is just and proper.

Appellee City's Appendix Volume II at 243-244.

[18] On December 6, 2019, the court entered an Order on Emergency Requests for Relief by Both the Receiver and the City, which stated in part:

Pending before this Court is a Petition for Mandatory Injunction Against Towne & Terrace Corp filed November 27, 2018. An Amended and Supplemental Petition for Injunction Against

> Towne & Terrace Corp was filed by the City on August 12, 2019.
> A delay in procedures occurred because this case was on appeal
> during the ensuing year between the original motion and the
> response. Towne & Terrace filed on August 27, 2019, a Verified
> Response to Plaintiff's Amended and Supplemental Petition for
> Injunction Filed August 12, 2019. This matter was set for the
> initial injunction hearing and was ultimately heard on October
> 15, 2019. Proposed orders were due from the parties on
> November 15, 2019. Said proposed orders were received by the
> Court. The matter remains under advisement.

Appellee City's Appendix Volume III at 9. The court ordered that the board meeting scheduled for December 9, 2019 would not take place. It noted that "[t]he dangerous condition of the neighborhood has created a hotbed for criminal and other illegal activities at Towne & Terrace which must be remediated as soon as possible," "[t]he Receiver has been granted extensive powers over the City's properties to find solutions, however, his progress has been hindered by continuing adversarial contentious litigation," and "[t]he Court must maintain the status quo until all issues have been fully heard and resolved." *Id.* at 10.

On December 9, 2019, the court entered an addendum to its December 6, 2019 order, stating:

> Comes now the Court pursuant to In. T.R. 65(B)(1) and amends
> its order of December 6, 2019 on the issuance of a Temporary
> Restraining Order with notice.
>
> The Court issued a temporary restraining order with notice on a
> prayer for relief requested by the City of Indianapolis, ("City")
> and upon motion for preliminary injunction by the Receiver.

This matter is set down for hearing on both requests for preliminary injunction against Defendants Towne & Terrace Corp, ("Towne & Terrace") December 10, 2019 at 9:00 a.m. The temporary restraining order will remain in place until December 16, 2019 unless modified, extended or vacated by the Court.

*Id.* at 13 (footnote omitted).

[20] On December 10, 2019, the court held a hearing at the beginning of which, it stated:

So we have pending Defendants' Petition for Writ of Execution, Instructions to the Receiver, and the Receiver's objection. We have Defendants' Response in Objection to that. City's Motion for Declaratory Judgment that's been pending for a while. City's Motion for Summary Judgment, which we've already set those for hearing. I believe it's in like March or something. Okay. And then the City's Petition for a Mandatory Injunction. Then you amended that petition, [City's Counsel], I believe?

Transcript Volume II at 6. The City's counsel answered affirmatively. The attorney for Towne & Terrace Corp. stated "our intent was that all of those motions were going to be heard on the 19th of March. And today was going to be limited to the Petition for Writ of Execution." *Id.* The court replied: "I think I put that in the order." *Id.* at 6. Another attorney for Towne & Terrace Corp. stated: "You'll hear the Motion for Writ of Execution and Instructions to the Receiver." *Id.* The court stated: "All other matters, unless unusual exigent circumstances should arise, will be heard in March, March 19th." *Id.* at 6-7.

[21] Counsel for Towne & Terrace asked the court to instruct the Receiver to immediately observe certain requirements and immediately market and sell the

properties owned by the City "before the expenses of the receivership eat up the value of those properties." *Id.* at 11.

[22] Anwar Selo testified that his company, Casa Fortune Four, LP, had invested about $300,000 in Towne & Terrace and owned twenty-two occupied properties. When asked if he was interested in the Receiver having authority to meet with him and discuss buying some of the City's properties and if he and his investors would be in a position to purchase some or all of the City's properties, he answered affirmatively. He testified that the property his company owned, which was straddled by two City properties, would appreciate immediately if the two neighboring properties were fixed up and placed on the market. On cross-examination, he testified that he had not talked to any of the tenants and that the property manager negotiated the lease agreements.

[23] Counsel for the Receiver contested the request for instructions to require the Receiver to engage solely in negotiations for the immediate sale of the properties. He stated that the request was premature and contrary to the terms of the receivership order. He argued: "This Court didn't direct the Receiver to liquidate the property as quickly as possible, to enter into negotiations with the first buyer who came along. The Receiver was instructed to conduct a thorough analysis, which he has started to do." *Id.* at 33. He also stated: "There is nothing prohibiting us from taking dual tracks and having discussions with potential purchasers, which the Receiver wholly intends to do. But asking this Court to revise its receivership order in order to limit the Receiver to doing solely [sic] that seems completely inappropriate." *Id.* at 36.

After some discussion regarding discovery, the court stated: "We also had a discussion on discovery. That was the other thing I said was going to be on the agenda today. And I think that's been worked out without any further ruling by the Court." *Id.* at 65. A person in the gallery asked when the annual meeting would be, and the court answered: "Well, I have to decide who's going to be there and who has the right to vote first." *Id.*

On February 19, 2020, the court entered an order granting the City's motion for preliminary injunction, denying Towne & Terrace Corp.'s Petition for Writ of Execution and Instructions to Receiver, granting the Receiver's Motion for Order Compelling Production of Documents, and ordering that Towne & Terrace be responsible for half of the Receiver's expenses.

## Discussion

Appellants raise multiple arguments challenging the trial court's order. We initially address the City's argument that the denial of Appellants' Petition for Writ of Execution and Instructions to Receiver and the grant of the Receiver's Motion for Order Compelling Production of Documents are not properly before this Court as well as the Receiver's argument that portions of the appeal require dismissal. The Receiver asserts that "appellate jurisdiction cannot properly be exercised over the trial court's denial of Towne & Terrace's Petition for Instructions to Receiver." Appellee Receiver's Brief at 18. It argues that the court's denial of this petition is not one of the specifically enumerated orders appealable as of right.

Ind. Appellate Rule 5(B) provides that "[t]he Court of Appeals shall have jurisdiction over appeals of interlocutory orders under Rule 14 except those appeals described in Rule 4(A)(3)." Ind. Rule 14(A) provides that "[a]ppeals from the following interlocutory orders are taken as a matter of right . . . (1) For the payment of money; (2) To compel the execution of any document; (3) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action; (4) For the sale or delivery of the possession of real property; (5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction; (6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver . . . ."

The trial court's February 19, 2020 order, which denied Appellants' Petition for Writ of Execution and Instructions to Receiver, granted the Receiver's Motion for Order Compelling Production of Documents, ordered that Towne & Terrace shall be responsible for half of the Receiver's expenses, and granted the City's motion for preliminary injunction, constituted an interlocutory order from which an appeal can be taken as a matter of right. The Indiana Supreme Court has held that "an interlocutory appeal raises every issue presented by the order that is the subject of the appeal." *Tom-Wat, Inc. v. Fink*, 741 N.E.2d 343, 346 (Ind. 2001) (citing *Harbour v. Arelco, Inc.*, 678 N.E.2d 381, 386 (Ind. 1997)). Accordingly, all issues presented by the court's order may be raised. *See Tom-Wat, Inc.*, 741 N.E.2d at 346 ("Because the interlocutory order denied both Tom-Wat's and Fink's motions, we must address both motions."); *Harbour*, 678 N.E.2d at 386 (observing that then Ind. Appellate Rule 4(B) provided in part

that "appeal from interlocutory orders shall be taken in the following cases," the rule did not require or even permit certification of particular issues, it requires certification of an interlocutory order, and that any issues that were properly raised in the trial court in ruling on the trial court's summary judgment order are available on interlocutory appeal).[3]

[29] We next turn to Appellants' arguments regarding the court's: (A) grant of the City's motion for preliminary injunction; (B) denial of Towne & Terrace's Petition for Writ of Execution and Instructions to Receiver; (C) grant of the Receiver's Motion for Order Compelling Production of Documents; and (D) order that Appellants pay one-half of the Receiver's fees.

A. *Grant of City's Motion for Preliminary Injunction*

[30] To the extent Appellants argue the trial court abused its discretion by granting an injunction without a hearing, Ind. Trial Rule 65(A) provides that "[n]o preliminary injunction shall be issued without an opportunity for a hearing upon notice to the adverse party." The trial court held a hearing on October 15, 2019, and the corresponding CCS entry states: "Comment: Motion for

---

[3] To the extent the City and the Receiver cite *Hoesman v. Sheffler*, 886 N.E.2d 622 (Ind. Ct. App. 2008), we find that case distinguishable. In *Hoesman*, we rejected the appellants' argument that the trial court was disposed to grant final judgment with respect to motions for leave and to file amended complaints and consolidation in addition to an order on summary judgment. 886 N.E.2d at 634. We observed that the language issued by the trial court indicated "that it intended to render its order of summary judgment, and that order only, a final judgment pursuant to Trial Rules 54 and 56," "the trial court's Final Judgment Order makes no mention of the parties the [appellants] sought to add pursuant to their second and third amended complaints," and the trial court's orders denying the appellants' motions to amend and to consolidate were not the type of orders contemplated under Trial Rule 54 as they did not possess the requisite degree of finality or dispose of at least a single substantive claim. *Id.*

Preliminary Injunction." Appellants' Appendix Volume II at 40. The trial court's December 6, 2019 order observed that the City's November 27, 2018 petition for mandatory injunction was pending, that "[t]his matter was set for the initial injunction hearing and was ultimately heard on October 15, 2019," and that the matter remained under advisement. Appellee City's Appendix Volume III at 9. We also note that the City's November 28, 2018 Petition for Mandatory Injunction requested the court "order that all members, including the City be permitted to cast their votes, with the purpose of the meeting being to a vote to elect Directors and Officers and to vote on consenting to the appointment of a receiver," Appellee City's Appendix Volume II at 84, and the court's February 19, 2020 order provides in part: "A vote, in which all members are permitted to participate is in the best interest of this community. Wherefore, the City's motion for preliminary injunction is, hereby, granted." Appellants' Appendix Volume II at 61. In their reply brief to the City, Appellants acknowledge that the trial court held a hearing on the City's petition for a preliminary injunction on October 15, 2019, and that the court took the matter under advisement. Appellants do not develop an argument that the filings on December 5 or 6, 2019, required an additional hearing, and we cannot say reversal is warranted based upon Ind. Trial Rule 65(A).

[31] Further, while the trial court held an October 15, 2019 hearing on the City's petition for an injunction, the record does not contain a copy of the transcript of the hearing. In their March 11, 2020 amended notice of appeal, Appellants

requested a transcript of only the December 10, 2019 hearing. Ind. Appellate Rule 9(F)(5) provides:

> The Notice of Appeal shall include . . . [a] designation of all portions of the Transcript necessary to present fairly and decide the issues on appeal. If the appellant intends to urge on appeal that a finding of fact or conclusion thereon is unsupported by the evidence or is contrary to the evidence, the Notice of Appeal shall request a Transcript of all the evidence.

[32] The Indiana Supreme Court has addressed an appellant's failure to include a transcript on appeal when factual issues are presented and held that, "'[a]lthough not fatal to the appeal, failure to include a transcript works a waiver of any specifications of error which depend upon the evidence.'" *In re Walker*, 665 N.E.2d 586, 588 (Ind. 1996) (quoting *Campbell v. Criterion Group*, 605 N.E.2d 150, 160 (Ind. 1992)). Appellants raise factual issues and assert that the City owes more than $109,080, the City attached conditions to its payment of $109,080, the City had notice of the Resolution, and the City's repeated acts of non-payment are breaches of the Towne & Terrace covenants. They cite to certain evidence including an affidavit of Jacqueline Timmons dated June 8, 2018, a letter from the City's counsel dated November 2017, and a deposition of Ella Means. Under these circumstances, and without the transcript of the October 15, 2019 hearing and any evidence admitted at that hearing, we cannot say Appellants have demonstrated that the trial court abused its discretion in granting the City's petition for preliminary injunction. *See Kocher v. Getz*, 824 N.E.2d 671, 675 (Ind. 2005) (holding that, where appellant challenged the

amount of an appeal bond but failed to provide a transcript of the relevant hearing, the appellant failed to demonstrate the trial court abused its discretion).

B. *Denial of Towne & Terrace's Petition for Writ of Execution and Instructions to Receiver*

[33] Appellants challenge the trial court's denial of their Petition for Writ of Execution and Instructions to Receiver and assert the February 19, 2020 order ignored the ruling in *Towne II* by giving the Receiver the power to demolish "any and all buildings within Towne & Terrace which contain a home owned by the City, even though such buildings obviously contain homes whose owners are not parties to this litigation." Appellants' Brief at 29 (citing Appellants' Appendix Volume II at 55).

[34] The trial court's February 19, 2020 order states in pertinent part:

> Towne & Terrace's request for an order requiring the immediate sale of the Receivership Property overlooks the Court's finding that "much of the Receivership Property is located within buildings containing units that are not owned by the City." The impact of a Court order, on third parties, as to the disposition of the Receivership Property is the overwhelming reason the Court ordered both the City and Towne and Terrace to "cooperate fully with the Receiver with respect to his efforts to preserve, market and/or liquidate and buildings containing the Receivership Property."
>
> Although Towne and Terrace appears to believe that it will benefit from the immediate sale of the Receivership Property, it is not yet clear that this outcome would benefit all residents of Towne & Terrace or the surrounding community. The prudent

approach to these dire and exigent circumstances requires the Receiver be allowed to complete his investigation and provide the Court with a careful analysis so that he can make informed recommendations to the Court on how the Receivership Property should best be addressed.

Wherefore pursuant to Indiana Code §§ 34-55-12-1(a) and 34-55-12-2(b) prohibit execution upon the City's properties for purposes of collection and since the Receiver has not yet completed his duties in equity, Towne & Terrace Corp.'s *Petition for Writ of Execution and Instructions to Receiver* is denied.

Appellants' Appendix Volume II at 51-54.

[35] To the extent the Appellants assert the court granted authority to demolish properties not owned by the City, we note that the August 15, 2019 Revised Order Appointing Receiver Over Certain Lots and Improvements Owned by City of Indianapolis appointed the Receiver to "receive, manage, protect, request demolition of and/or sell, if necessary, *all real estate owned by the City* and located within the Towne and Terrace boundaries." Appellee City's Appendix Volume II at 142 (emphasis added). To the extent Appellants assert that the court gave the Receiver the power to demolish buildings owned by non-parties, they cite page fifty-five of the second volume of the Appellants' Appendix Volume II, but do not point to specific language. Our review of the page cited by Appellants does not reveal that the court granted such authority to the Receiver. We cannot say that the trial court erred in denying Towne & Terrace's Petition for Writ of Execution and Instructions to Receiver.

C. *Grant of the Receiver's Motion for Order Compelling Production of Documents*

[36] Appellants argue that there can be no proper order to compel production of documents because no discovery was ever served. They assert that the Receiver made no effort to attempt to resolve any disputes before resorting to a motion to compel. Without citation to the record, Appellants assert: "[T]he parties agreed in open court that counsel for [Towne & Terrace] had complied with all requests." Appellants' Brief at 35. They also point to the court's statement: "We also had a discussion on discovery. That was the other thing I said was going to be on the agenda today. And I think that's been worked out without any further ruling by the Court." Transcript Volume II at 65. They assert that, "[a]fter making this statement, the trial court astonishingly granted the motion to compel." Appellants' Brief at 36. They also cite Ind. Rule of Professional Conduct 4.2 and assert that the court's order allowing the Receiver to contact the Board Members without their attorney's consent is improper.

[37] Generally, "[t]rial courts 'stand much closer than an appellate court to the currents of litigation pending before them,' so they are better positioned to assess and manage discovery matters." *Care Grp. Heart Hosp., LLC v. Sawyer*, 93 N.E.3d 745, 757 (Ind. 2018) (quoting *Whitaker v. Becker*, 960 N.E.2d 111, 115 (Ind. 2012)). They accordingly have wide discretionary latitude, and their orders carry a strong presumption of correctness. *Id.* We will not overturn a decision absent clear error and resulting prejudice. *Id.*

[38] To the extent Appellants cite Ind. Trial Rule 26(F), the rule provides:

> Before any party files any motion or request to compel discovery pursuant to Rule 37, or any motion for protection from discovery

pursuant to Rule 26(C), or any other discovery motion which seeks to enforce, modify, or limit discovery, that party shall:

(1) Make a reasonable effort to reach agreement with the opposing party concerning the matter which is the subject of the motion or request; and

(2) Include in the motion or request a statement showing that the attorney making the motion or request has made a reasonable effort to reach agreement with the opposing attorney(s) concerning the matter(s) set forth in the motion or request. This statement shall recite, in addition, the date, time and place of this effort to reach agreement, whether in person or by phone, and the names of all parties and attorneys participating therein. If an attorney for any party advises the court in writing that an opposing attorney has refused or delayed meeting and discussing the issues covered in this subsection (F), the court may take such action as is appropriate.

The court may deny a discovery motion filed by a party who has failed to comply with the requirements of this subsection.

[39] While Rule 26(B) refers to a party's representative and Ind. Trial Rule 83(6) defines a "[r]epresentative" as including a receiver, Rule 26(F) refers only to a party. "The receiver is an officer of the court, and comes within the court's sole direction as soon as he is appointed and has qualified." *King v. King*, 982 N.E.2d 1026, 1032 (Ind. Ct. App. 2013), *reh'g denied*, *trans. denied*. Even assuming that Rule 26(F) applies to the Receiver, we cannot say that reversal is warranted. The Receiver's November 21, 2019 Motion for Order Compelling Production of Documents asserts:

4. The Receiver and his counsel met with counsel for Towne & Terrace on September 17, 2019 and on October 24, 2019. Additionally, the Receiver conferred with counsel for Towne & Terrace in Court chambers on October 15, 2019. During these conferences, the following documents were requested from Towne & Terrace:

(A) A list of current Board Members and unit owners (including contact information);

(B) All maps and records documenting ownership of each unit (including names and contact information) within the confines of Towne & Terrace, including but not limited to all vesting deeds and/or property cards in the possession of Towne & Terrace, or its counsel; and

(C) An itemization of all income received by and amounts owed to Towne & Terrace on a unit by unit basis for the past 3 years, plus an itemization of all expenditures made on Towne & Terrace's behalf from January 2016 through the present date.

5. Counsel for Towne & Terrace provided a written list of the current Board Members to counsel for the Receiver in correspondence dated November 14, 2019, a copy of which letter was attached as Exhibit A to Town[e] & Terrace's *Response to Objections of Receiver to Defendants Petition for Instructions to Receiver*, filed with this Court on the same date. However, counsel for Towne & Terrace has refused to provide the Receiver with contact information for the Board Members must [sic] be provided in writing to Towne & Terrace's counsel, as the Receiver cannot have direct communications with the Board Members.

6. Counsel for Towne & Terrace has additionally advised the Receiver that Towne & Terrace: (i) has produced all property cards and deeds in its possession; and (ii) refuses to provide the

requested itemization of income and expenses, as it believes this information is beyond the scope of the Receiver's authority.

Appellants' Appendix Volume IV at 78-79. We conclude that the Receiver included a statement showing that the attorney had made a "a reasonable effort to reach agreement with the opposing attorney(s) concerning the matter(s) set forth in the motion or request." Moreover, Appellants do not challenge the court's order that they provide the specific information related to contact information for unit owners or an itemization of income, delinquencies, and expenditures, and we cannot say they have demonstrated prejudice.

[40] With respect to their argument regarding Ind. Professional Conduct Rule 4.2, the rule provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, *unless the lawyer* has the consent of the other lawyer or *is authorized by law or a court order*." (Emphases added). The trial court's February 19, 2020 order addressed Rule 4.2 and stated that the court had "already expressly authorized the Receiver and its agents to communicate with the board members of Towne & Terrace and resident members of Towne & Terrace to allow the flow of information necessary for the Receiver to carry out his delineated functions." Appellants' Appendix Volume II at 55. We cannot say that Rule 4.2 requires reversal.

D. *Court's Order that Appellants Pay One-Half of the Receiver's Fees*

Appellants argue the trial court abused its discretion when it ordered that they pay one-half of the Receiver's fees. They assert there was no evidence of upkeep and maintenance problems on any homes other than those owned by the City and there was no lack of cooperation by Towne & Terrace Corp.

The trial court's February 19, 2020 order states:

> Towne & Terrace requested the City pay all Receiver's fees. Such an order would be clearly inequitable. While it was alleged that the City's dilapidated properties were affecting the value of other properties, Towne and Terrace residents who live in other than City properties are also severely dues and fee delinquent and many have upkeep and maintenance problems. Towne & Terrace has made some repairs and a few upgrades to the common areas, but they have consistently failed to cooperate with the Receiver, thereby, driving up costs and slowing progress in this case. The Receiver's expenses, so far, are not completely attributed to "costs of the action" in these proceedings, but are also additional outlays incurred because of Towne & Terrace's delay in providing necessary information to the Receiver while the corporation awaits an order from the Court that could encourage a lucrative redevelopment offer. At hearing, Towne and Terrace offered testimony from a real estate developer interested in restoration of Towne and Terrace properties. While sale to a redevelopment company may be Towne and Terrace's private plan and objective for the future, unfortunately, current residents are continually exposed to criminal activity and deteriorating buildings while this dispute remains unresolved. The Receiver needs to be able to act in an unfettered manner.
>
> Therefore, Towne & Terrace shall be responsible for half of the Receiver's expenses incurred to date and in the future. Such a one-half (1/2) of Receiver expenses are due and payable forthwith and by no later than April 1, 2020. Such amounts will be, thereafter, reduced to judgment and subject to collection.

Appellants' Appendix Volume II at 56.

[43] The court's December 6, 2019 Order on Emergency Requests for Relief by Both the Receiver and the City referenced the "the recent complete and absolute refusal by Towne & Terrace to allow the Receiver and/or the City's attorneys to attend and vote at said board meetings" and stated that "[t]he dangerous condition of the neighborhood has created a hotbed for criminal and other illegal activities at Towne & Terrace which must be remediated as soon as possible" and "[t]he Receiver has been granted extensive powers over the City's properties to find solutions, however, his progress has been hindered by continuing adversarial contentious litigation." Appellee City's Appendix Volume III at 9-10. Under these circumstances, we cannot say reversal of the trial court's order that Towne & Terrace be responsible for half of the Receiver's expenses is warranted.

[44] For the foregoing reasons, we affirm the trial court's February 19, 2020 order.

[45] Affirmed.

Robb, J. and Crone, J., concur.